The Town of Muskego, Appellant, vs. Drainage Commissioners, Respondents.

*October 18 — November 5, 1890.*

DRAINAGE. (*1*) *Constitutional law: Police power.* (*2*) *Pleading: Averment of benefit: Jurisdiction.* (*3, 4*) *Notice: Publication of order: Clerical error.* (*5*) *Adjudication of benefits.* (*6*) *Supplemental assessment: Work outside of district.* (*7, 8*) *Towns: Setting aside assessment of benefits.*

1. Ch. 169, Laws of 1887, providing for the drainage of certain lands in Waukesha county, was a valid exercise by the legislature of the police power of the state. *Bryant v. Robbins,* 70 Wis. 258, and *State ex rel. Baltzell v. Stewart,* 74 id. 629, followed.

2. Under said act a valid assessment might be made upon a town, although the petition did not state in terms that such town as a whole would be benefited by the work.

3. Sec. 2 of said act required an order to be made prescribing the notice to be given of the time and place of hearing the petition, which notice should be given by publication, etc. Instead of a formal notice the order itself, containing everything essential, was published. *Held*, that this was a substantial compliance with the statute.

4. An affidavit stated that such order or notice was published "four weeks successively, commencing with the number of said paper published December 10, 1887, and ending with the paper published December 3, 1887." *Held*, that the latter date should manifestly be December 31, and that the affidavit should be treated as amended accordingly, or the error disregarded.

5. The commissioners appointed under said act reported that a certain town would " derive a benefit by the improvement of the highways therein to the amount of $300," and assessed that sum against the town. The court ratified and confirmed the report and approved the assessment. *Held*, that this was a sufficient adjudication that the town would be benefited in the sum named.

6. If necessary to accomplish the objects of said act, the commissioners had power to make a supplemental report and assessment, and also to do work and pay damages in another county pursuant to an amicable arrangement with the owners of the lands in such other county affected thereby.

7. The right of a town to set aside an assessment against it, by motion in a proceeding under said act, must rest upon the same grounds as in an action brought to obtain the same relief.

8. A town cannot maintain an action to set aside an assessment against it if such action is not brought until after it has levied the assessment as a tax upon the tax-payers and taxable property therein.

APPEAL from the Circuit Court for *Waukesha* County. This appeal is from an order of the circuit court in certain drainage proceedings under ch. 169, Laws of 1887, refusing to vacate two assessments made by the drainage commissioners appointed under said act, upon the town of *Muskego,* the appellant, amounting to $450, which assessments had been theretofore confirmed by the court. The material proceedings in the matter were as follows:

December 6, 1887, a petition, signed by the required number of the owners of wet and overflowed lands adjacent to Muskego lake in the town of *Muskego,* Waukesha county,

praying that proceedings be instituted for the purpose of executing the drainage scheme contemplated by ch. 169, Laws of 1887, was presented to the presiding judge of the circuit court of that county. The court thereupon made an order appointing a time and place for the hearing of such petition, and directing notice to be published in a designated newspaper, as required by the act. The order itself was thus published as such notice. At the time and place so appointed, the court heard the petition, adjudicated that the proposed system of drainage was of such paramount public benefit as to warrant the proceeding authorized by ch. 169, granted the prayer of the petition, and appointed the respondents commissioners to act in the premises as directed by said chapter. The order is dated February 8, 1888. The commissioners thereupon duly qualified and entered upon the discharge of their duties as such.

July 19, 1888, the commissioners presented to the circuit court their report, showing in detail the proposed plan of the improvement, the estimated cost thereof, together with a list of lands and the names of the respective owners thereof (124 in number) in the town of *Muskego* which will be benefited by the improvement, and the amount of benefit which will accrue to each tract of land contained in such list. The commissioners also reported that the town of *Muskego* "will derive a benefit from such work by the improvement of the highways in said town to the amount and sum of $300." The circuit court thereupon ordered that notice of the filing of such report be served and published as required by ch. 169. Such notice was published and served as required by the order. It contained a statement of the proposed assessment on the lands of each owner and on the town of *Muskego*, and appointed a time and place for the hearing of remonstrances against the proposed assessments. It was duly served on the town of *Muskego* by

a delivery thereof to its proper officers.   Pursuant to such notice, several remonstrances against assessments were presented, but none was interposed by the town of *Muskego*. On the recommendation of the commissioners, orders were made by the court from time to time, changing assessments in certain individual cases.   September 28, 1888, the court by its order confirmed the report of the commissioners and approved their assessments of benefits as thus amended and modified.

The commissioners proceeded with the improvement, and on May 28, 1889, had received nearly $4,400 on assessments, and had expended in the work $2,700 over and above their expenses and *per diem*.   A detailed report of their transactions, including their receipts, disbursements, and expenditures to that date, was duly made by them, and was approved and confirmed by the court.   May 28, 1889, the commissioners presented their supplemental report to the circuit court, showing that the original assessments were insufficient to pay for the improvement and the damages caused thereby to certain lands in Racine county.   They estimated the deficiency at $3,585, and reported a supplemental assessment to the amount of such deficiency on the same lands originally assessed, including $150 on the town of *Muskego*.   An order for service and publication of notice of filing such supplemental report was made, in which it was provided that twenty days after the completion of such publication should be given each person or corporation assessed in which to interpose objections thereto.   Notice of filing the report was served and published as required by the order.   The appellant town was duly served therewith. After the expiration of the time limited for hearing objections thereto (none having been interposed), the court made an order, dated August 5, 1889, approving and in all things confirming such supplemental report and the proposed additional assessment of benefits contained therein.

December 3, 1889, the amount of the two assessments against the town of *Muskego*, being $450, was duly certified to the town clerk of that town, and by him included in the tax list of that year, and apportioned to and levied upon the taxable property of said town. December 27, 1889, such tax list was delivered by the town clerk to the treasurer of the town for collection, who proceeded to collect the taxes levied therein, and was engaged in collecting the same, including such assessments of $450, when the motion was made on behalf of the town to vacate and set aside the assessments against the town of *Muskego* and the various orders on which such assessments are based. Such motion was denied January 6, 1890. The town appeals from the order denying the same.

For the appellant there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.*

*T. M. Kearney* and *J. K. Dyer,* for the respondents.

LYON, J. Ch. 169, Laws of 1887, under which these proceedings were had, in all essential particulars is like ch. 442, Laws of 1885, known as the "Dane County Drainage Act." In *Bryant v. Robbins,* 70 Wis. 258, the validity of the latter act was considered, and the act adjudged valid. See, also, *State ex rel. Baltzell v. Stewart,* 74 Wis. 629. The judgments in those cases are conclusive of the proposition that ch. 169, Laws of 1887, is a valid exercise by the legislature of the police power of the state. The whole subject is so fully considered in the opinions by the chief justice in those cases that further discussion of it here is unnecessary.

The town of *Muskego* seeks to set aside assessments charged against it. Although such relief is sought by a motion in a special proceeding, the right thereto must rest on the same grounds as in a suit in equity brought to obtain the same relief. Such a suit could only be maintained on the grounds that the statute under which the assess-

ments were made is invalid, or that errors affecting the jurisdiction of the commissioners and court to make the assessment had intervened, or that the assessment is inequitable and unjust. The cases in this court which so hold are quite numerous. Many of them are collated in 1 S. & B. Ann. Stats. 762, 763, in the note to sec. 1210$h$. Hence, the appellant town is not entitled to the relief demanded unless it has brought itself within the above rule. We have seen that ch. 169 is a valid enactment, and there is no claim that the assessments are inequitable or unjust, if the commissioners and court had jurisdiction to make them. So we have only to determine whether the commissioners and court had jurisdiction to make such assessments, or rather whether, by reason of certain alleged errors and irregularities in the proceedings, jurisdiction in the premises was lost. Such alleged errors and irregularities will now be considered.

1. It is claimed that the petition for the improvement, which is the foundation of all the subsequent proceedings, is fatally defective in that it does not state in terms that the town of *Muskego* as a whole will be benefited thereby and the nature of such benefits. The statute provides that the petition may contain such averments, but is not mandatory; and it contains no provision depriving the commissioners and court of jurisdiction to make an assessment upon a town in a proper case unless it is stated in the petition that such town will be thus benefited. The petition seems to contain all averments required by the statute, and we think is a sufficient basis for the subsequent proceedings.

2. The next error assigned is the alleged failure to give proper notices required by law of certain proceedings subsequent to filing the petition. The statute being valid, if its requirements in respect to notices were substantially complied with it is sufficient. Sec. 2, ch. 169, requires the

court or judge to make an order prescribing the notice to be given of the time and place, of hearing the petition, the object thereof, etc., which notice shall be given by publication as prescribed in the statute. Instead of a formal notice, the order of the court, which contained everything essential to a valid notice, was duly published as the statute required. This was a substantial compliance with the statute, for it gave all parties interested in the proceedings all the information a more formal notice could have given, and this is all the statute sought to do.

In this connection, reference may be made to an error in the affidavit of publication of such notice or order. The affidavit is that the same was published "four weeks successively, commencing with the number of said paper published December 10, A. D. 1887, and ending with the paper published December 3, A. D. 1887." The error is manifest, and corrects itself. It is an affidavit of four publications, the last of which was necessarily made December 31st, instead of the 3d, which is an impossible date. The affidavit is amendable at any time, and will be treated as amended; or the last date therein will be rejected as surplusage.

Sec. 4, ch. 169, requires that notice of filing the report of the commissioners shall be personally served upon each person whose name is mentioned in the report as owner of property affected or charged by assessments therein, the amount thereof, etc., and that such notice also be published as prescribed in the statute; and it gives such owner twenty days, after such service and full publication of the notice, in which to file his remonstrance against the work, in whole or in part, or against the assessment of his land, and prescribes the procedure upon such remonstrance. Notices of the filing of both the original and supplemental reports of the commissioners were thus served and published in substantial compliance with the requirements of the statute. Such notices were served upon the proper officers of the

town of *Muskego* in due time, but the town failed to interpose any remonstrance or objection to the proposed assessments against it.

3. It is further argued that there is no adjudication by the court that "the town of *Muskego* will derive a benefit by the improvement of the highways therein to the amount of $300," as stated in the first report of the commissioners, and that in the absence of such adjudication both assessments against the town are void. We are of the opinion that when the court ratified and confirmed the first report and approved the assessments therein contained, it adjudicated that the town was thus benefited in the sum named.

4. It is objected that the commission had no authority to make a supplemental report, or to do work or pay damages on lands in Racine county. The filing of the petition for the improvement was the commencement of an action "affecting all lands or other property that may be benefited thereby, or damaged or interfered with, or taken for public use by virtue of this act." Sec. 2, ch. 169. It is in the nature of an action *in rem*, the object of it being to drain the lands in question, and to collect benefits and pay damages caused by doing so. If to accomplish these objects a supplemental assessment was necessary, or it became necessary to do some work in Racine county, or to damage lands therein, we perceive no valid objection to such assessment or work or the payment of such damages. Everything done in Racine county in furtherance of the improvement was done pursuant to an amicable arrangement between the commissioners and the owners of land in that county affected by it, and the circuit court of Waukesha county exercised no jurisdiction or authority in the other county. Besides, the supplemental report and additional assessment are expressly authorized by sec. 7, ch. 169.

5. If any other errors occurred in the proceedings, not herein specially mentioned, we think they are mere irregu-

larities, not affecting the jurisdiction of the commissioners and court to make the assessments complained of.

The foregoing views lead to the conclusion that the assessments are valid, and hence that the order refusing to vacate them should be affirmed on the merits.

6. We are further of the opinion that the circuit court properly refused to vacate the assessments for another reason. It has already been observed that the appellant town is in the same position in principle as it would have been were it in court as plaintiff in an equitable action seeking to set aside and cancel the assessments. But, before it commenced this proceeding to avoid the assessments, it had apportioned the amount of them to the tax-payers of the town, had levied the same upon them and their property, had collected a portion thereof, and was proceeding to collect the residue (presumably has collected it) of the several tax-payers or out of their property. We are aware of no case in which it has been held that a town or municipality may maintain an action to set aside an assessment against it if such action is not brought until after it has levied the assessment as a tax upon the tax-payers and taxable property therein. Neither are we aware of the existence of any principle or rule of law which will uphold such an action. The right of action at such stage of the proceedings (if there be any) would seem to be in the individual tax-payers or owners of the property charged with the tax, and not in the town or municipality.

*By the Court.*— Order affirmed.