M. E. SOLIAH, ET AL., v. A. G. CORMACK, C. L. GORDON AND J. F. JOHNSON. CONSTITUTING THE BOARD OF DRAIN COMMISSIONERS OF TRAILL COUNTY, NORTH DAKOTA.

Opinion filed May 28, 1908.

**Constitutional Law — Delegation of Legislative Power — Drainage Act.**

1. The drainage act, being sections 1818 to 1850, Rev. Codes 1905, does not conflict with section 25 of the state constitution, which vests the legislative power of the people of the state in the legislative assembly. Appellants' contention that such drainage law is an unwarranted delegation of legislative power to the board of drain commissioners is not sustained.

**Same — Due Process of Law.**

2. Such law does not violate the fourteenth amendment to the Constitution of the United States, nor section 13 of the constitution of this state, prohibiting the taking of property without due process of law.

Appeal from District Court, Traill County; *Pollock,* J.

Action by M. E. Soliah and others against A. G. Cormack and others. Judgment for defendants, and plaintiffs appeal.

Affirmed.

*P. G. Swenson and Engerud, Holt & Frame,* for appellants.

The drainage act is an unwarranted delegation of legislative power. Vallely v. Park Commissioners, 16 N. D. 25, 111 N. W. 615.

Legislative power can be delegated only to officers elected by people to be affected by their legislative acts.    State v. Budge, 14 N. D. 532, 105 N. W. 724; Marr v. Enloe, 1 Yerg. 452; Hope v. Deaderick, 8 Humph. 1; People v. Parks, 58 Cal. 624; 1 Cooley on Taxation, 95; Shumway v. Bennett, 29 Mich. 45; Cooley on Taxation, (3rd Ed.) 81.

The levy of special assessments is taxation.  Burroughs on Taxation, 461; 3 Cooley on Taxation, 1181; Hamilton on Special Assessments, 38; Desty on Taxation, 1117, 1237, 1265, 1266; 2 Dillon on Mun. Corp. 752; Cooley on Const. Lim. 213, 216; 25 Am. & Eng. Enc. Law. 458, 468; Burroughs on Taxation, 458, 463.

Due process requires that the tribunal intrusted with legislative authority be one to which such power may be lawfully delegated. Paulson v. Portland, 149 U. S. 30; Voight v. City of Detroit, 184 U. S. 115; French v. Barber Asphalt Co. 181 U. S. 324; Walston v. Nevins, 128 U. S. 578; Eel Riv. Dr. Co. v. Topp, 16 Ind. 242; McKinney v. Bowman, 58 Ind. 88; Columbus v. Kyle, 67 Ind. 206; Bryant v. Robbins, 35 N. W. 545.

*Theo. Kaldor,* State's Attorney for Traill County, for respondents.

A special assessment differs from a tax. 25 Am. & Eng. Enc. Law 1174; Arnold v. Mayor, 3 L. R. A. (N. S.) 837.

Special assessments are not governed by constitutional provisions regulating taxation.  Vallelly v. Park Commissioners, 16 N. D. 25, 111 N. W. 615; Elliott on Roads and Streets (2nd Ed.) Sec. 543; Gray on Limitations of Taxing Power, Sec. 1839; 25 Am. Eng. Enc. Law (2nd Ed.) 915; In re Hagne-Hendrum Ditch, 82 N. W. 1094; 14 Cyc 1024; Town of Muskego v. Drainage Comm'rs, 47 N. W. 11; Griffith v. Pence, 59 Pac. 677; Zigler v. Manges, 121 Ind. 99; 16 Am. St. Rep. 357; Gray on Limitations of Taxing Power, Sec. 249; O'Reilly v. Kankakee Drainage Co. 32 Ind. 169; Coster v. Tide Water Co. 18 N. J. E. 54; Sessions v. Crunkelton, 20 Ohio St. 349; Atty. General v. McClear, 109 N. W. 27; Wurtz v. Hoaglund, 114 U. S. 606; State v. Blake, 36 N. J. L. 442; Kinnie v. Bare, 36 N. W. 672; Arnold v. Mayor, 3 L. R. A. (N. S.) 837; 10 Am. Eng. Enc. Law. 223; Donnelly v. Decker, 17 N. W. 389; Hager v. Board of

Supervisors, 47 Cal. 222; Cooley Const. Law, (4th Ed.) 741; Kelgour v. Drainage Comr's. 111 Ill. 342; Horbach v. City of Omaha, 74 N. W. 434.

Legislative power may be delegated to non-elective tribunals. Martin v. Tyler, 4 N. D. 378; 60 N. W. 393; Bryant v. Robbins, 35 N. W. 454; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841; State v. Fisk, 15 N. D. 219, 107 N. W. 191; Cook v. Nearing, 27 N. Y. 306, Egyptian Levee Co. v. Hardin, 27 Mo. 495; Territory v. Scott, 20 N. W. 401; Mound City v. Miller, 70 S. W. 721; Turner v. City of Detroit, 62 N. W. 405; State v. Crosby, 99 N. W. 636; Wurtz v. Hoaglund, 114 U. S. 606, 29 L. Ed. 229; In re Kingman, 12 L. R. A. 417; Hagar v. Reclamation Dist. 111 U. S. 701; Town of Muskego v. Drainage Com'rs, 47 N. W. 11.

Drainage law does not violate fourteenth amendment to the constitution, nor section 13 of the constitution of North Dakota. Erickson v. Cass Co., supra, State v. Fisk, supra; Turnquist v. Cass County, 11 N. D. 514, 92 N. W. 852.

FISK, J.   Plaintiffs, who are property owners and residents of Mayville and Morgan townships in Traill county, brought this action in the district court of said county for the purpose of perpetually enjoining the defendants as drain commissioners from taking any further proceedings towards the construction of a certain drain through such townships, and from levying any assessments upon their property for the construction thereof. The district court sustained a demurrer to the complaint and this appeal is from such order. The regularity of all the proceedings of the board of drain commissioners is expressly conceded by appellants, their sole contention being that the drainage law of this state is unconstitutional and void:   First, because it is claimed to be in conflict with section 25 of the state constitution, which vests the legislative power of the people of the state in the legislative assembly; and, second, that such law violates section 13 of the state constitution and the fourteenth amendment to the federal constitution, forbidding the taking of property without due process of law.

Appellant's first and chief contention is that the drainage law is an unwarranted delegation of legislative power to the board of drain commissioners, the members of which are not elected by and answerable to the people, but are merely appointed by the board of county commissioners. Counsel for appellants have pre-

sented a very able and plausible argument in support of their contention, basing the same, to a large extent, upon the holding of this court in the recent case of Vallelly v. Park Comr's, 16 N. D. 25, 111 N. W. 615, and the authorities therein cited. It is vigorously asserted by them that that case is absolutely decisive in their favor of the case at bar. It was there held in effect that the taxing power which is vested by the constitution of the state in the legislative assembly cannot be delegated to a person or body not elected by and responsible to the people. In other words, that the legislature in enacting the park commissioner law exceeded its constitutional powers by delegating to the park commissioners, who were to be appointed by the city council without any voice on the part of the people, the legislative power of levying general taxes upon the property within the city. It is, of course, clear that if the power to make special assessment is governed by the same principles which govern the assessment and levy of general taxes, the logic of appellant's argument is unanswerable, but if the contrary is true, their argument is entitled to no weight. The questions presented are of the gravest importance to the people of the state, and, after giving to them the consideration which their importance demands, we are entirely convinced that the act is not vulnerable to the attacks made upon it by appellants' counsel in this case.

We think appellants' counsel are clearly in error in their construction of the Vallelly opinion as well as the opinion in the cases cited therein. None of these cases deal with the question of the constitutional power of the legislature to delegate to an appointive body the right to make special assessments for local improvements, but they merely hold that the power to levy general taxes is a legislative power, and that the same cannot be conferred upon such a nonrepresentative body. The evident fallacy in appellants' entire argument in support of their first contention, as it appears to us, lies in their unwarranted assumption that, because the power to levy special assessments for local improvements according to benefits is derived from the taxing power, it necessarily follows that the power to make such special assessments cannot be delegated to other than representative bodies. While it must, we think, be conceded that under the great weight of authority the levying of special assessments is the exercise of the taxing power—(Hamilton on the Law of Special Assessments, chapters 48-50, and cases cited)—still it is equally well settled and will not be denied that

the right to order local improvements is derived from the police power, and that the levying of special assessments is a mere incident to the making of such local improvements. Although referable to the taxing power, local assessments are not, strictly speaking, taxes. As said by the supreme court of Missouri in speaking of the power to levy special assessments: "The power to make such assessments has been the prolific source of much forensic discussion, and difficulty seems to have existed in tracing this power to its true source and basing it upon a sound principle, but it is settled in Missouri and generally elsewhere that it is referable to the taxing power, though such assessments are not taxes in the sense that word is usually employed." City of Independence v. Gates, 110 Mo. 374, 19 S. W. 728. In Martin v. Tyler, 4 N. D. 303, 60 N. W. 401, 25 L. R. A. 838, it is said: "We understand counsel to admit—granting the existence of the power to levy special assessments—that such assessments differ radically in their nature and purpose from ordinary taxation, and that the rule which requires uniformity in taxation has no application whatever to special assessments. This has now become so elementary that citations are unnecessary."

Is the contention of counsel for appellants sound that the power to levy such special assessments can only be delegated to elective or representative bodies? A brief review of the authorities, will, we think, completely demonstrate the utter fallacy of such contention. In Martin v. Tyler, supra, this court sustained the power of the legislature to delegate to an appointive board of drain commissioners the functions of constructing drains and levying assessments to pay for the same. After quoting from the opinion of the court in Bryant v. Robbins, 70 Wis. 258, 35 N. W. 545, in affirmance of such power, this court said: "Surely this language is applicable to this case. It will not be contended for a moment that, under their general powers, the county commissioners could engage in the work of constructing drains; that they could for that purpose exercise the power of eminent domain, assess benefits, and institute proceedings to ascertain damages. This was a special purpose, and its accomplishment required special legislative authority; which might be placed where the legislature saw proper. See, also, Sheboygan Co. v. Parker, 3 Wall. (U. S.) 93, (18 L. Ed. 33)." It is true, as counsel for appellants contend, that the precise point here urged was not raised in that case, but the court had

the question squarely presented (·but on another ground) as to the constitutional right of the legislature to vest in such appointive boards the powers conferred by the drainage act, similar to those conferred by the act in question.

. In Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841, this court again said: "The legislature had the undoubted power to commit to the drainage board the ascertainment of the lands to be assessed, as well as the apportionment of benefits." The constitutionality of the drainage law was also sustained in Turnquist v. Drain Commissioners, 11 N. D. 514, 92 N. W. 852. In the recent case of State v. Fisk, 15 N. D. 219, 107 N. W. 191, the court said: "The board was acting under regular appointment pursuant to statutory authority. It had sole and exclusive authority to carry out the provisions of the drainage law. (Revised Codes 1905, section 1818-1850.) * * * 'The matter to be dealt with was a mere legislative privilege granted upon any condition the legislature saw fit to impose.' " It is true the precise point now under consideration was neither raised nor discussed in these cases. The supreme court of the United States in Bauman v. Ross, 167 U. S. 548, 17 Sup. Ct. 966, 42 L. Ed. 270, held that "in the matter of assessing benefits, under the right of taxation, it is within the discretion of the legislature * * * to commit the ascertainment of the land to be assessed, as well as the apportionment of the assessment among the different parcels, to the determination of commissioners appointed as the legislature may prescribe." In People v. Drainage Commissioners, 143 Ill. 417, 32 N. E. 688, it was held that drainage commissioners may tax for drainage purposes land in another township where the owner thereof has connected his ditches with those of the district; and that in laying such taxes they act as officers of their district not of the township.

In Cooley on Constitutional Limitations (3 Ed.) p. 1237, it is said: "Where an improvement concerns a municipality, or some portion thereof, to be determined on an investigation of facts, it is most usual for the legislature to confer upon the municipal authorities full authority in the premises; to delegate to them the power to determine whether the improvement shall be made, and, if so, through what subordinate agencies, but under such restraints as are deemed important for public and individual protection, and, not uncommonly, the determination of the rule of apportionment · is left to the same authorities. This is not only competent, but in

general is deemed the proper course. In many cases, however, a special district may be requisite, and this may embrace two or more municipalities, or parts of two or more. For this or other reasons any single municipality may be incompetent to deal with the case, and it may be necessary to create a special authority for the purpose. This is particularly the case with drains, with long highways and with levees, and when needful, a commissioner or board of commissioners will perhaps be provided for. It is not doubted that the legislature has authority to do this, when not hindered by any constitutional restriction. The choice of commissioners is sometimes made by the legislature itself, sometimes referred to a court and sometimes, where the course is practicable, given to the people concerned. Other methods of choice according to circumstances are not inadmissible." And at page 1241, it is further said: "The rule that the legislative authority cannot delegate its powers is also as imperative here as elsewhere, and therefore the question what rule of appointment shall be applied, though it might be referred for decision to municipal authority, cannot be left to mere administrative or ministerial officers. But the execution of the rule and the determination of the district, when it is to depend upon facts, is commonly, not only with propriety, but of necessity, left to such officers."

In the case of Foster v. Rowe, 128 Wis. 326, 107 N. W. 635, it was held: "The power to equalize taxes is not legislative, in the sense that it cannot be delegated by the legislature to a board. On the contrary, the authority of the legislature to create such boards and authorize courts to appoint them is well established." Hamilton on Special Assessments, chapter 553, lays down the following rule: "It has been said that the assessment is a ministerial act, and may be made by the city engineer where required by statute.That the power of the legislature over the entire scheme of assessment extends to the designation of the person or persons who are to make the assessment is unquestioned. Yet if the latter be made on the principle of benefits, it is certain the person so designated acts judicially, and his acts are valid only when within the bounds of his discretion judicially exercised."

In 25 Am. & Eng. Enc. of Law, pages 1219-1220, in speaking of special or local assessments, it is said: "The amount of the assessment, should, of course, be determined, and the assessment levied by the officers, board, or tribunal specified by the statute. * * * The legislature may itself designate the officers or tri-

burial to determine the extent of the benefits and assess the persons benefited, or the appointment of assessors or commissioners of assessment may be delegated to the city council or to a court of justice"—citing authorities. In O'Brian & Co. v. County Commissioners, 51 Md. 15, the court held a statute constitutional which provided for a board of examiners and assessors for the purpose of laying out a certain avenue, defining its limits and making assessments for its completion. The court said: "The exercise by the legislature of this power of appointment has been held to be constitutional"—citing, Mayor, etc., v. Howard, 15 Md. 376. In Crawford v. People, 82 Ill. 557, it was held that the General Assembly of that state had the undoubted power to say who should ascertain and determine the extent of the special benefits and who should assess them. In the case of People v. Nearing, 27 N. Y. 306, the constitutionality of the drainage law of that state, which provided for the construction of drains and defraying the expenses thereof by assessing the land benefited, was involved, and the court said: "The legislature might lawfully direct the mode and manner of assessing or apportioning such damages upon the persons or property benefited thereby, and designate or appoint the persons to make such assessment or apportionment."

In addition to the foregoing authorities we call attention to the following: Egyptian Nav. Co. v. Hardin, 27 Mo. 495, 72 Am. Dec. 276; Territory v. Scott, 3 Dak. 357, 20 N. W. 401; Mound City v. Miller, 170 Mo. 240, 70 S. W. 721, 60 L. R. A. 190, 94 Am. St. Rep. 727; Turner v. City of Detroit, 104 Mich. 326, 62 N. W. 405; State v. Crosby, 92 Minn. 176, 99 N. W. 636; Wurts v. Hoaglund, 114 U. S. 606, 5 Sup. Ct. 1086, 29 L. Ed. 229; Hagar v. Reclamation District, 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569.

It is stated by appellants' counsel that most of the authorities cited and relied upon in Vallelly v. Park Board, supra, were special assessment cases. In this, counsel are also mistaken, as a brief examination of those cases will disclose. State v. Mayor of Des Moines, 103 Iowa, 76, 72 N. W. 639, 39 L. R. A. 285, 64 Am. St. Rep. 157, held an act void which authorized a library board appointed by the city council to levy a general tax against the city for library purposes. Parks v. Board of Commissioners (C. C.) 61 Fed. 436, had under consideration the validity of an act which attempted to confer upon road commissioners, appointed by the

county commissioners, the power to levy a tax against all the property in the county. Harwood v. Drain Co., 51 Ill. 130, involved the validity of an act which conferred upon a private corporation the power to levy an annual tax upon a specified district for the purpose of constructing and maintaining a levee. Board of Commissioners v. Abbott, 52 Kan. 148, 34 Pac. 416, held an act void which authorized road commissioners appointed by the board of county commissioners to assess and levy by a general tax one-third of the cost of the roads against the county generally.

People v. Park Commissioners, 28 Mich. 228, 15 Am. Rep. 202, involved a statute providing for the appointment of a board of park commissioners, and empowered such board to contract general debts against the city for park purposes. Hinze v. People, 92 Ill. 406, held void an act of the legislature giving appointive police commissioners the power to levy a general tax and create a general indebtedness against the city. The recent case of Arnold v. Mayor, etc., of Knoxville, 115 Tenn. 195, 90 S. W. 469, 3 L. R. A. (N. S.) 837, contains a valuable discussion of the nature of special assessments, and the principles underlying them, together with a reference to most of the text-books and many adjudicated cases relating thereto, where the distinction between such assessments and general taxes is clearly and fully explained.

We have been unable to find any authority, and none has been called to our attention, sustaining appellants' first contention, and we conclude that there are none. All the cases, without exception, apparently recognize the constitutional right of the legislature to confer upon local boards or officers, whether elective or appointive, the functions of assessing and apportioning the benefits for local improvements.

It is contended by appellants' counsel that because the drainage board is authorized to apportion a part of the cost of a drain to a city, town, or township to be raised by general taxation therein, that this is equivalent to the vesting in such board, to this extent, of the power to levy general taxes, and hence is forbidden by the principles enunciated in the Vallelly case. We cannot yield our assent to this contention. The distinction between the principles involved in the Vallelly case and those involved in the case at bar has, we think, been sufficiently pointed out in this opinion. In the one case the delegation of legislative power to levy general taxes was involved, while in the other the power of the legislature to

authorize local improvements to be made and to designate the board or officers who shall apportion the benefits and levy special assessments accordingly, was involved. Under the act involved in the Vallelly case it was attempted to confer upon the board of park commissioners the authority to create general indebtedness for park purposes and to levy general taxes against all property within the city to pay the same, while under the drainage law the drainage board is given authority to levy special assessments only against lands specially benefited. And where by the construction of a drain an entire city, town, or township receives a special benefit therefrom we see no valid reason why such corporation cannot be required as such to contribute its share toward the cost of such local improvements.

In Bryant v. Robbins, supra, the supreme court of Wisconsin, in speaking upon a similar question, said: "As we have said, the law plainly makes the land which is benefited by the drainage the principal source from which the means to do the work are derived; and wherever a city or town, as a corporation, is likewise benefited, there is no injustice in charging it to the extent of the benefits received." See, also, Town of Muskego v. Drainage Commissioners, 78 Wis. 40, 47 N. W. 11; In re Kingman, 153 Mass. 566, 27 N. E. 778, 12 L. R. A. 417. The authority to require such public improvements to be made is derived from the police power although the authority to levy special assessments to pay for the same comes from the taxing power.

It is next contended that the act in question violates the fourteenth amendment to the constituion of the United States and section 13 of the state constitution, prohibiting the taking of property without due process of law. This contention is based principally upon the first contention. Counsel say in their brief: "In dealing with the objection we make we are not at all concerned with how the power is exercised by those who assert the power, but with the right to exercise it at all. * * * If the drainage board could be given any legislative powers of a discretionary nature, then there could be no question that the procedure prescribing the manner of exercising it as found in this act would fully comply with the requirements of due process." What we have already said upon appellants' first contention is therefore a sufficient answer to this last contention. Furthermore, this court fully disposed of this question adversely to appellants' contention

in the following cases: Erickson v. Cass County, State v. Fisk, and Turnquist v. Cass County, supra. In State v. Fisk it was said: "The statute imposes upon the board the duty to assess benefits. A review is provided for, and a hearing granted, where evidence may be produced. The board acts judicially in assessing benefits. The board is acting under a delegation of power from the legislature in respect to local affairs, but in the exercise of that power is exercising functions in their nature judicial. Stone v. Little Yellow Drainage District, 118 Wis. 388, 95 N. W. 405; Dodge County v. Acom et al., 72 Neb. 71, 100 N. W. 136; Erickson v. Cass County, supra. * * * In Erickson v. Cass County the drainage law was construed, and its constitutionality upheld as against the contention that it authorized the taking of property without due process of law. It was competent for the legislature to invest the drainage board with power in good faith, and after notice and an opportunity to be heard, to finally determine the benefits accruing to each tract of land in the drainage district. * * *" We see no reason to depart from the rule thus so well established in this state. See, also, Gray's Limitations on Taxing Power, section 1161.

Our conclusion is that the act in question is not vulnerable to any of the objections urged against it, and the order appealed from is accordingly affirmed. All concur.