This appeal is by the plaintiffs from a judgment denying injunctional relief and dismissing their complaint.
In 1926 the city of Minot proposed to pave certain of its streets. Accordingly at a meeting of the city commission held on June 21st ordinances were introduced creating improvement districts and passed on first reading. At the same meeting the commission ordered plans, specifications and estimates of the city engineer. Those were at once filed. These plans and specifications fully disclosed the streets to be paved and set out the character and extent of the improvements to be made. It is conceded that the plans, specifications and estimates filed in all respects complied with the statutory requirements. At the same meeting on June 21st, the commission approved the plans, specifications and estimates and passed resolutions of necessity as required by the statute. These resolutions recited that the time within which protests might be filed would expire on July 24th. The resolutions of necessity were published twice as required by the statute. The first *Page 797 
time on June 24th and the second time on July 1st. At a meeting subsequent to that at which the resolutions of necessity were passed, provision was made for the advertising of notices for proposals. In response to these notices bids were submitted. The commission acted upon the same and proceeded to let the contracts. Before the contracts were let, however, plaintiffs as taxpayers brought this action to enjoin all further proceedings, basing their demand for relief upon two propositions: First, that the action of the city commission in passing the resolutions of necessity was ineffective and void, in that such action was taken prior to the passage of the ordinances creating the improvement districts and the commission had no jurisdiction to act in that respect. Second, because the contracts proposed to be let did not conform to the plans and specifications as filed and on which the notices for proposals were predicated. Defendants had judgment, and plaintiffs appeal.
Counsel for the defendants contended in the trial court and now contend that the prior creation of an improvement district in such cases is not jurisdictional; that the statute must be liberally construed and that the several statutory steps may be taken concurrently; that even though in the instant case the later statutory steps were prematurely taken, nevertheless, this constituted merely an irregularity and that the city was proceeding to do that which it had the power to do though in an irregular manner. Counsel further contend that in any event the time within which objections might be filed by taxpayers began to run on June 28th, immediately following the creation of the improvement districts, and since no objections were filed within a period of thirty days thereafter, or at any time, it cannot be said that prejudice resulted merely because the period designated by the commission within which protests might be filed expired only twenty-six days thereafter instead of thirty as required by the statute; that the right to object on that account might be and was waived. Respecting the second ground on which plaintiffs' demand for relief is based, defendants insist that there was no material variance between the plans, specifications and estimates on which these advertised notices for proposals were based and the proposed contracts.
The power to tax is a sovereign power to be exercised only by the legislature. Cooley, Taxn. §§ 63, et seq. The making of special improvements *Page 798 
and the paying for the same through special assessments by means of special improvement districts are instances of the exercise of this power. "The matter of providing for public improvements is peculiarly legislative." Rolph v. Fargo, 7 N.D. 640, 42 L.R.A. 646, 76 N.W. 242; Minneapolis, St. P. S. Ste. M.R. Co. v. Minot, 51 N.D. 313, 37 A.L.R. 211, 199 N.W. 875. This power may be delegated to a municipal corporation as a proper agency and instrument of the state. Soliah v. Cormack, 17 N.D. 393, 117 N.W. 125; Vallelly v. Park Comrs. 16 N.D. 25, 15 L.R.A.(N.S.) 61, 111 N.W. 615; Cooley, Taxn. § 75. Where a city undertakes to make such improvements it can do so only in the manner and to the extent authorized. In the exercise of such delegated power it must follow the letter of its authority. Robertson Lumber Co. v. Grand Forks, 27 N.D. 556, 147 N.W. 249; Kvello v. Lisbon, 38 N.D. 71, 164 N.W. 305; Whittaker v. Deadwood, 23 S.D. 538, 139 Am. St. Rep. 1076, 122 N.W. 593; Keese v. Denver, 10 Colo. 113, 15 P. 825; Davis v. Litchfield, 145 Ill. 313, 21 L.R.A. 563, 33 N.E. 888; Ladd v. Portland, 32 Or. 271, 67 Am. St. Rep. 526, 51 P. 654; Cooley, Taxn. § 83; Dill. Mun. Corp. 5th ed. § 1377.
In the instant case the city of Minot essays to act under article 20 of chapter 44 of the Political Code, Comp. Laws 1913. The particular sections under which it claims authority in the premises are §§ 3698, et seq., Comp. Laws 1913. By these statutory provisions the legislature delegated to cities the power to provide for special improvements. It laid down the plan to be followed and prescribed the order in which the various steps are to be taken. This statutory order of sequence is, the creation of the district, the ordering, filing, and approval of the plans and specifications, the passage and publication of the resolution of necessity, and the advertisement for proposals. See Will v. Bismarck, 36 N.D. 570, 163 N.W. 550.
It is conceded that in the instant case the ordinances creating the improvement districts were not passed on their second reading until June 28th. It is likewise conceded that the plans, specifications and estimates were filed and approved, and the resolutions of necessity were adopted on June 21st. The resolutions of necessity were published twice. First on June 24th and again on July 1st. So July 24th was the last day of the ensuing thirty day period from the date *Page 799 
of the first publication. The published resolutions recited that the time within which to file protests would expire on that date. At a meeting of the commission held on June 28th provision was made for the advertising for proposals. Thus all these latter steps, except providing for advertising notices for proposals were taken before the improvement districts were in fact created.
Defendants insist that the creation of the improvement district is not a prerequisite of the validity of the other steps required by the statute heretofore referred to; that all of these steps may be taken concurrently. Now under the terms of the statute a city has no authority to provide for a special improvement until it has created a special improvement district. It cannot, generally, exercise the legislative power relating to the making of and paying for special improvements. It must first define the territory in which it intends to exercise its delegated power. Till this is done it has no authority to act in that behalf. In other words, the creation of the improvement district is jurisdictional, and this court has consistently so held. See Will v. Bismarck, supra; Kvello v. Lisbon, 38 N.D. 71, 164 N.W. 305; Merchants Nat. Bank v. Devils Lake, 42 N.D. 445, 173 N.W. 748; Minneapolis, St. P. S. Ste. M.R. Co. v. Minot, supra. So it follows that the acts of the city commission in approving the plans, specifications and estimates of the city engineer, and in passing and publishing the resolutions of necessity, all of which were done at the meeting of June 21st prior to the creation of the district, were without authority and void.
Defendants next contend that even though the statute contemplates that the district shall be created before any further steps are taken, failure to do this is not necessarily fatal; that if in fact the district is created, proceedings initiated before but continued after its creation are within the jurisdiction of the city and merely irregular, and that such proceedings will not be held bad unless it affirmatively appears that prejudice resulted from the irregularity. So the defendants insist that in the instant case there is no showing of prejudice by reason of the fact that the plans, specifications and estimates were filed and approved and the resolutions of necessity passed and publication begun prior to the creation of the district. They urge that the statutes should be liberally construed. They cite and rely upon the case of Will v. Bismarck, supra, as sustaining this latter contention. However, we *Page 800 
cannot so read the Will case as to give them any comfort in this respect. The case does hold that the publication of the resolutions of necessity and of the advertisement for proposals may be had concurrently and that the word "then" as used in § 3705, Comp. Laws 1913, in the first sentence thereof beginning "The city council shall then cause proposals for said work to be advertised . . ." refers to the order rather than to the time in which the advertisement for proposals shall be published with respect to the passage and publication of the resolutions of necessity. But if it can be said that this is a liberal construction — and we do not think it can — the court was then considering the question of the statutory requirements subsequent to the creation of the district. In the Will case the court also expressly held that the creation of the improvement district was jurisdictional. Defendants urge that in any event the districts in the instant case were created on June 28th, and thereafter the city had jurisdiction to proceed in the matter of providing for the special improvements contemplated; that the legislature had the right to require any notice that it saw fit; that it might have required any reasonable notice, and this being so that the thirty day notice might be waived. However, as we have heretofore shown the statutory requirements must be at least reasonably complied with. Viewed in the light of defendants' contention it is true that the notice was only four days short. But however insignificant the deficiency may be it resulted in a failure to comply with the requirements laid down by the statute. It must be borne in mind that the plaintiffs acted promptly in the premises. They seasonably made known that they took exception to the manner in which the proceedings had been carried on, and at no time slept on their rights. They instituted this action promptly before the contract was finally let and before any work was done on the contemplated improvements. Though it be conceded that the action of the commission in proceeding as it did was merely irregular, it is not necessary for us to pass upon the question as to whether under our statute such an irregularity may be waived. It is sufficient to say that in the instant case there was no such failure to act on the part of the plaintiffs as might amount to a waiver.
Taking this view of the case it becomes unnecessary for us to pass *Page 801 
upon the second ground upon which the plaintiffs base their demand for relief.
The judgment as entered will therefore be reversed and the cause remanded to the district court with directions to order judgment restraining the defendants from proceeding further in the matter in the respects complained of.
It is so ordered.
CHRISTIANSON, Ch. J., and BIRDZELL and BURKE, JJ., and JANSONIUS, Dist. J., concur.
BURR, J., did not participate; Honorable FRED JANSONIUS, Judge of the Fourth Judicial District, sitting in his stead.