## STATE OF NORTH DAKOTA EX REL. ANDREW MILLER As Attorney General v. ADDISON LEECH as County Auditor of Cass County.

### (157 N. W. 492.)

Four light, heat, and power companies within Cass county in 1914 were locally assessed. Thereafter and on August 5, 1914, the State Tax Commission also filed purported assessments on said plants, and demanded that its assessment be taken without equalization by the county or state boards of equalization. The auditor, however, certified to the state board of equalization both assessments, those made locally and those filed by the Commission, which board ignored the Tax Commission's assessment, recertifying the assessments as locally assessed. Mandamus was brought to compel reinstatement by the county auditor of the Commission's assessment. The writ was denied by the district court, from which the state appeals.

Subdiv. 14 of § 2088, Comp. Laws 1913, a portion of chapter 302, Sess. Laws 1911, creating the State Tax Commission and defining its powers and duties, declares that "it shall be the duty of the Commission and it shall have authority (subdiv. 14) to assess at their actual value all light, heat, and power companies doing business in the state." The Commission acted under this statute. The county auditor asserts said statute is unconstitutional and void because in operation, as here illustrated, it permits a deprivation of private property without due process of law, contrary to § 13 of our state Constitution and also art. 1 of the 14th Amendment to the United States Constitution. *Held:*

Light, heat, and power companies — assessment — taxation — State Tax Commission — equalization — boards of — auditor — mandamus — statute — constitutionality — due process of law — property — taking without — ministerial officer — defense.

   1. The defendant, though but a ministerial officer and not personally inter-

33 N. D.—33.

ested in these assessments, must follow the law, and must, under his official oath, determine which assessment of the two is made pursuant to law, and may therefore interpose this defense that the statute is unconstitutional and void under which one of said two conflicting purported assessments is filed.

**Due process of law — violation — taxing powers — procedure — governing.**

2. Said statute (subdiv. 14, § 2088, Comp. Laws 1913) is unconstitutional as violative of due process of law, because no procedure is provided by law governing the exercise of taxing powers in assessing under said act; and—

**Property owners — hearing complaints from — procedure — no provision for — confiscation — due process.**

3. Because no opportunity under any law is afforded for a hearing for the property owner to be assessed. He has no opportunity for redress, relief, or correction of error in any erroneous assessment that this Commission might levy; and such unrestricted power of taxation may amount to confiscation of, or its deprivation of, property without due process of law.

**Tax Commission — sessions of — property owner — entitled to hearing — relief — extra — legal hearing — meeting of Commission — time and place — notice of — under the law.**

4. That the Tax Commission is by statute required to be in session at the state capitol on all business days does not save the statute from being unconstitutional on said ground. The party assessed is entitled to an opportunity to be heard under the law authorizing him to be taxed. No burden is upon him to apply to be heard where the law does not provide for a hearing for him. Nor that he could have been afforded an extra-legal hearing had he applied for relief against an excessive assessment is of no avail. To be valid the statute must provide for and designate the time and place for opportunity to so be heard that the property holder to be assessed, having notice and knowledge of the law, may appear and be heard or be bound by his failure so to do.

**Tax proceeding — statute — hearing — party assessed — rights of — arbitrary — due process of law — taking property without.**

5. Where no right to such a hearing, before the assessment becomes absolute, is afforded by the law to the party assessed, the tax proceeding and law authorizing it is arbitrary and invalid as contrary to constitutional guaranties against the deprivation of private property without due process of law.

**Tax Commission — power — statute — void — assessment — invalid.**

6. The State Tax Commission has no power under said void statute to levy or file this assessment, and the same is therefore void.

Opinion filed March 29, 1916.

Appeal from the District Court of Cass County, *Pollock*, J.
Affirmed.

*Geo. E. Wallace* and *F. E. Packard,* of the State Tax Commission, for appellant.

The question of constitutionality should not be passed upon. No one can be allowed to attack a statute as unconstitutional who has no interest in it or who is not affected by its provisions. The constitutional guaranties are for the benefit of those whose rights are affected. State v. McNulty, 7 N. D. 169, 73 N. W. 87; Clark v. Kansas City, 176 U. S. 114, 44 L. ed. 392, 20 Sup. Ct. Rep. 284; Cooley, Const. Lim. chap. 196; Re Wellington, 16 Pick. 96, 26 Am. Dec. 631; Lampasas v. Bell, 180 U. S. 281, 45 L. ed. 530, 21 Sup. Ct. Rep. 368; U. S. Const. 14th Amend. § 1; State ex rel. New Orleans Canal & Bkg. Co. v. Heard, 47 La. Ann. 1679, 47 L.R.A. 512, 18 So. 746; Thoreson v. State Examiners, 19 Utah, 18, 57 Pac. 175; Franklin County v. State, 24 Fla. 55, 12 Am. St. Rep. 183, 3 So. 471; Com. v. James, 135 Pa. 480, 19 Atl. 950; Bassett v. Barbin, 11 La. Ann. 672; Smyth v. Titcomb, 31 Me. 272; Wright v. Kelley, 4 Idaho, 624, 43 Pac. 565; People ex rel. Miner v. Salomon, 46 Ill. 333; Braxton County Ct. v. West Virginia, 208 U. S. 192, 52 L. ed. 450, 28 Sup. Ct. Rep. 275.

The law is not in conflict with the Constitution. Laws 1911, chap. 303, subdiv. 14, § 9; State ex rel. Faussett v. Harris, 1 N. D. 190, 45 N. W. 1101.

The real purpose of the Constitution is to secure an assessment of property which shall be credited to the proper assessment districts. Const. § 179; Missouri River Power Co. v. Steele, 32 Mont. 433, 80 Pac. 1093; People ex rel. Park Comrs. v. Detroit, 28 Mich. 228, 15 Am. Rep. 202; Davock v. Moore, 105 Mich. 120, 28 L.R.A. 783, 63 N. W. 424; Cooley, Taxn. 2d ed. 62; Taylor v. Board of Health, 31 Pa. 73, 72 Am. Dec. 724; State ex rel. Terre Haute v. Kolsem, 130 Ind. 434, 14 L.R.A. 566, 29 N. E. 595; State ex rel. Atwood v. Hunter, 38 Kan. 578, 17 Pac. 177; Baltimore v. State, 15 Md. 376, 74 Am. Dec. 572; Com. v. Plaisted, 148 Mass. 375, 2 L.R.A. 142, 12 Am. St. Rep. 566, 19 N. E. 224; David v. Portland Water Committee, 14 Or. 98, 12 Pac. 174; Newport v. Horton, 22 R. I. 196, 50 L.R.A. 330, 47 Atl. 312.

If the right to reassess and to add assessments could be sustained upon general principles, obviously the right to assess in the first instance can be sustained. State Tax Comrs. v. Board of Assessors, 124

Mich. 491, 83 N. W. 209; Youngblood v. Sexton, 32 Mich. 406, 20 Am. Rep. 654; State ex rel. Brown County v. Myers, 52 Wis. 628, 9 N. W. 777; Ames v. People, 26 Colo. 83, 56 Pac. 656; People ex rel. Metropolitan Street R. Co. v. State Tax Comrs. 174 N. Y. 417, 63 L.R.A. 884, 105 Am. St. Rep. 674, 67 N. E. 69.

The property here sought to be assessed and subjected to taxation is of a different character from that with which the local assessor is familiar. It has no market value. He does not know by what standard to measure the value of the right and privilege of engaging in the business. He cannot determine the value of the plant which is connected with that right. The law is not local or special in nature. Ames v. People, 26 Colo. 83, 56 Pac. 656; State Assessors v. Central R. Co. 48 N. J. L. 146, 4 Atl. 576; Chicago & N. W. R. Co. v. State, 128 Wis. 553, 108 N. W. 557; Pacific Exp. Co. v. Seibert, 142 U. S. 339, 35 L. ed. 1035, 3 Inters. Com. Rep. 810, 12 Sup. Ct. Rep. 250.

The act is uniform in its operation. The constitutional requirement of uniformity does not interfere with or prohibit classification. The restriction relates only to the rate or amount of taxation and its incidents, upon taxable persons and property, but no limit is placed on the mode of levying and collecting the taxes imposed. Chicago & N. W. R. Co. v. State, 128 Wis. 553, 108 N. W. 557; Wilcox v. Eagle Twp. 81 Mich. 271, 35 N. W. 987; Central P. R. Co. v. State Bd. of Equalization, 60 Cal. 35; Ducat v. Chicago, 48 Ill. 172, 95 Am. Dec. 529; Merchants' & Mfrs. Nat. Bank v. Pennsylvania, 167 U. S. 461, 42 L. ed. 236, 17 Sup. Ct. Rep. 829; 37 Cyc. 746, and cases cited; Central Iowa R. Co. v. Wright County, 67 Iowa, 199, 25 N. W. 128; Sterling Gas Co. v. Higby, 134 Ill. 557, 25 N. E. 660; Pittsburgh, C. C. & St. L. R. Co. v. Backus, 133 Ind. 625, 33 N. E. 432; Reagan v. Farmers' Loan & T. Co. 154 U. S. 420, 38 L. ed. 1031, 4 Inters. Com. Rep. 578, 14 Sup. Ct. Rep. 1062; New York v. Barker, 179 U. S. 279, 45 L. ed. 190, 21 Sup. Ct. Rep. 121.

The act does not deny the equal protection of the law. Cincinnati, N. O. & T. P. R. Co. v. Kentucky, 115 U. S. 321, 29 L. ed. 414, 6 Sup. Ct. Rep. 57; Florida, C. & P. R. Co. v. Reynolds, 183 U. S. 471, 46 L. ed. 283, 22 Sup. Ct. Rep. 176; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 892, 10 Sup. Ct. Rep. 533; Michigan R. Tax Cases, 138 Fed. 236; Michigan C. R. Co. v. Powers, 201

U. S. 246, 50 L. ed. 744, 26 Sup. Ct. Rep. 459; Coulter v. Louisville
& N. R. Co. 196 U. S. 599, 49 L. ed. 615, 25 Sup. Ct. Rep. 342;
State R. Tax Cases, 92 U. S. 575, 23 L. ed. 663; Kentucky R. Tax
Cases, 115 U. S. 321, 29 L. ed. 414, 6 Sup. Ct. Rep. 57.

The provision for assessing light, heat, and power property does not
deprive the owners of property without due process of law. New York
ex rel. Hatch v. Reardon, 204 U. S. 159, 51 L. ed. 422, 27 Sup. Ct.
Rep. 188; The Winnebago (Iroquois Transp. Co. v. De Laney Forge
& Iron Co.) 205 U. S. 354, 51 L. ed. 836, 27 Sup. Ct. Rep. 509; Cali-
fornia Reduction Co. v. Sanitary Reduction Works, 199 U. S. 306, 50
L. ed. 204, 26 Sup. Ct. Rep. 100; Jaenhne v. New York, 128 U. S.
189, 194, 32 L. ed. 398, 400, 9 Sup. Ct. Rep. 70; Pittsburgh, C. C.
& St. L. R. Co. v. Backus, 133 Ind. 625, 33 N. E. 432; State R. Tax
Cases, 92 U. S. 610, 23 L. ed. 672; Merchants' & Mfrs. Nat. Bank v.
Pennsylvania, 167 U. S. 461, 466, 42 L. ed. 236, 238, 17 Sup. Ct.
Rep. 829; Hagar v. Reclamation Dist. 111 U. S. 701, 28 L. ed. 569, 4
Sup. Ct. Rep. 663; Bell's Gap R. Co. v. Pennsylvania, 134 U. S.
232, 33 L. ed. 892, 10 Sup. Ct. Rep. 533; Paulsen v. Portland, 149 U.
S. 30, 37 L. ed. 637, 13 Sup. Ct. Rep. 750; Glidden v. Harrington, 189
U. S. 255, 47 L. ed. 798, 23 Sup. Ct. Rep. 574; Michigan C. R. Co. v.
Powers, 201 U. S. 245, 50 L. ed. 744, 26 Sup. Ct. Rep. 459.

"A majority of the members of the Tax Commission shall constitute a
quorum for the transaction of business and the performance of the
duties of the Commission." Comp. Laws 1913, § 2085; Laws 1911,
chap. 303, § 6; Gallup v. Schmidt, 183 U. S. 300, 307, 46 L. ed.
207, 213, 22 Sup. Ct. Rep. 162.

The property owners had opportunity to be heard, but this is imma-
terial. They were notified of the assessment. The record being silent
upon this point, the court can only presume that the thing was done
which in fact should have been done by the officers. Oliver v. Monona
County, 117 Iowa, 43, 90 N. W. 510; Gilmore v. Hentig, 33 Kan. 156,
5 Pac. 781; State, Tims, Prosecutor, v. Newark, 25 N. J. L. 399;
Wilson v. Salem, 24 Or. 504, 34 Pac. 9, 691; Paulsen v. Portland, 149
U. S. 30, 37 L. ed. 637, 13 Sup. Ct. Rep. 750; 2 Lewis's Sutherland
Stat. Constr. § 443; State ex rel. Bank v. Covington, 35 S. C. 245, 14
S. E. 499; Cincinnati v. Connor, 55 Ohio St. 82, 44 N. E. 582; 36

Cyc. 1147; State v. Omaha Elevator Co. 75 Neb. 648, 106 N. W. 979, 110 N. W. 874.

*Fowler & Green,* for respondent.

The defendant here can properly raise the question of the constitutionality of the law in question, because no such argument was made in the lower court, where the case was tried exactly upon this theory. This theory cannot be changed in the supreme court. Delaney v. Western Stock Co. 19 N. D. 630, 125 N. W. 499.

A ministerial officer who is directly responsible for his official acts may set up the unconstitutionality of a statute in a mandamus proceeding to compel him to enforce it, if the courts have not established its constitutionality. State ex rel. University of Utah v. Candland, 36 Utah, 406, 24 L.R.A.(N.S.) 1260, 140 Am. St. Rep. 834, 104 Pac. 285; McDermont v. Dinnie, 6 N. D. 278, 69 N. W. 294; Hindman v. Boyd, 42 Wash. 17, 84 Pac. 609; Van Horn v. State, 46 Neb. 62, 64 N. W. 365; Norman v. Kentucky Bd. of Managers, 93 Ky. 537, 18 L.R.A. 556, 20 S. W. 901; Denman v. Broderick, 111 Cal. 96, 43 Pac. 516; Brandenstein v. Hoke, 101 Cal. 131, 35 Pac. 562; Com. ex rel. Atty. Gen. v. Mathues, 210 Pa. 372, 59 Atl. 961; State ex rel. McCurdy v. Tappan, 29 Wis. 664, 9 Am. Rep. 622; People ex rel. Scott v. Chenango, 8 N. Y. 317; State ex rel. Pell v. Newark, 40 N. J. L. 71; Lakewood Twp. v. Brick Twp. 55 N. J. L. 275, 26 Atl. 91; Maynard v. First Representative Dist. 84 Mich. 228, 11 L.R.A. 332, 47 N. W. 756.

The assessment of light, heat, and power companies, under the law in question, is local, and same shall be assessed by the assessor of the locality where same may be situated, and the board of tax commissioners has no jurisdiction or power to make such assessment, and the law attempting to invest in such board such power is unconstitutional. Const. § 179; People v. Placerville & S. Valley R. Co. 34 Cal. 656; Savings & L. Soc. v. Austin, 46 Cal. 416; People v. Sacramento County, 59 Cal. 321; Cal. Const. art. XIII., § 10.

By the very express terms of the Constitution, all other property, except railroad property, shall be locally assessed. Cal. Const. § 10, art. XIII.; San Francisco v. Central R. Co. 63 Cal. 467, 49 Am. Rep. 98; People v. Pittsburg R. Co. 67 Cal. 625, 8 Pac. 381.

This law had been construed by the California courts, when adopted, and, since its adoption, it has been again construed. San Francisco &

S. M. Electric R. Co. v. Scott, 142 Cal. 222, 75 Pac. 575; Const. art. 10, § 179.

Assessors in California are not constitutional officers. The condition in this respect there is the same as in this state. Cal. Const. 1879, § 5, art. II; 1 Deering's Anno. Codes of Cal.; Const. § 173; More v. The Courier News, 29 N. D. 385, 151 N. W. 2.

Assessment is the making out of a list of property and fixing its valuation or appraisement. Seymour v. Peters, 67 Mich. 415, 35 N. W. 62; Allen v. McKay & Co. 120 Cal. 332, 52 Pac. 831; State ex rel. Morse v. Cornwell, 40 S. C. 26, 18 S. E. 184; Eide v. Clarke, 57 Minn. 397, 59 N. W. 484.

Section 173 of our Constitution embodies the doctrine of "home rule" as applied to constitutional officers therein named, and applies to the assessment of property by local assessors. Ex parte Corliss, 16 N. D. 470, 114 N. W. 962; Blomquist v. Bannock County, 25 Idaho, 284, 137 Pac. 174; People v. Raymond, 37 N. Y. 428; Vallelly v. Park Comrs. 16 N. D. 25, 15 L.R.A.(N.S.) 61, 111 N. W. 615.

The effect of this law is to single out this particular class of companies and provide a special mode of assessment for them. It amounts to class legislation, as between the companies named and other corporations, but it discriminates against "companies" owning and operating "light, heat, and power" property, in favor of "individuals" owning and operating such property. It applies to corporations, and not to individuals. Edmonds v. Herbrandson, 2 N. D. 274, 14 L.R.A. 725, 50 N. W. 970; State ex rel. Richards v. Hammer, 42 N. J. L. 439; Angell v. Cass County, 11 N. D. 265, 91 N. W. 72; Fidelity Trust Co. v. Vogt, 66 N. J. L. 86, 48 Atl. 580; State ex rel. Wyatt v. Ashbrook, 154 Mo. 375, 48 L.R.A. 265, 77 Am. St. Rep. 765, 55 S. W. 627; Juniata Limestone Co. v. Fagley, 187 Pa. 193, 42 L.R.A. 443, 67 Am. St. Rep. 579, 40 Atl. 977; Fox's Appeal, 112 Pa. 337, 4 Atl. 149.

The law or section is also unconstitutional because it violates the "due process" provisions of both state and Federal Constitutions. Power v. Larabee, 2 N. D. 150, 49 N. W. 724; Winona & St. P. Land Co. v. Minnesota, 159 U. S. 535, 40 L. ed. 251, 16 Sup. Ct. Rep. 83; Santa Clara County v. Southern P. R. Co. 9 Sawy. 165, 18 Fed. 411; Cooley, Taxn. p. 266; Violett v. Alexandria, 92 Va. 561, 31 L.R.A. 382, 53 Am. St. Rep. 825, 23 S. E. 909; Stuart v. Palmer, 74 N. Y.

183, 30 Am. Rep. 289; Central R. Co. v. Wright, 207 U. S. 127, 52 L. ed. 134, 28 Sup. Ct. Rep. 47, 12 Ann. Cas. 463.

"Due process requires that the person assessed have notice or opportunity to be heard at some time before the charge becomes fixed and absolute against him." 8 Cyc. 1134, and cases; Londoner v. Denver, 210 U. S. 373, 52 L. ed. 1103, 28 Sup. Ct. Rep. 708; Stuart v. Palmer, 74 N. Y. 183, 30 Am. Rep. 289; Security Trust & S. V. Co. v. Lexington, 203 U. S. 332, 51 L. ed. 208, 27 Sup. Ct. Rep. 87.

The local boards of equalization have no authority to pass upon the work of the Tax Commission, and hence such Commission cannot bring to its aid any statute relating to the powers and duties of such local boards. It is elementary that the opportunity for hearing must. be before a board which has power and authority to act, and the law in question affords no such opportunity. First Nat. Bank v. Lewis, 18 N. D. 390, 121 N. W. 836; Cooley, Taxn. pp. 364, 365, and cases cited; Power v. Larabee, 2 N. D. 160, 49 N. W. 724.

The act is so indefinite and uncertain with respect to the power of assessment that it is incapable of intelligent construction, and is void. It fails to provide the time when or the manner in which such assessment shall be made, or for. the listing of property by such companies, or for any review or equalization of the assessments. State ex rel. Wyatt v. Ashbrook, 154 Mo. 375, 48 L.R.A. 265, 77 Am. St. Rep. 765, 55 S. W. 627.

Holding that § 14 is void does not mean that the entire law is void. Blomquist v. Bannock County, 25 Idaho, 284, 137 Pac. 174.

Goss, J. This is an appeal from an order of the district court of Cass county quashing an alternative writ of mandamus against the county auditor. Assessments of certain light, heat, and power companies, all within Cass county, are involved. In 1914 all of said properties were assessed locally in the same manner as ordinary property there situated. Said assessments were reviewed by the local taxation boards, and acted upon by the county board of equalization, and equalized at the following amounts, to wit:

Union Light, Heat & Power Company, of Fargo, Franchise and Personal
    Property ............................................................ $120,000
W. J. Thompson, at Village of Page .................................... 390
Hallett & Lynch, at Casselton ......................................... 1,500
Hunter Light & Power Company, at Hunter ............................. 850

The Fargo company was also assessed on its real estate, besides its franchise and personal property, $32,170. Said assessments as to personalty and franchises were thus established by the local taxing officials and boards in said amounts. On August 5 or 6, 1914, the State Tax Commission, acting pursuant to chap. 303 of the Session Laws of 1911 (subdiv. 14, § 2088, Comp. Laws 1913), filed in the office of the defendant auditor a purported assessment made by said Commission wherein it assessed "the franchise and physical properties constituting the public utilities owned by the Union Light, Heat, & Power Company of the city of Fargo at the sum of $152,000; those owned by W. J. Thompson, of the Village of Page, at the sum of $683; those owned by Hallett & Lynch, of the city of Casselton, at the sum of $1,620; those owned by the Hunter Light & Power Company at the sum of $850." Thus the assessed value for taxation purposes of three of these four properties was raised $42,420.

The county auditor (quoting from his return herein) thereupon "certified to the state board of equalization the said pretended assessment so certified to him by said Tax Commission, together with the assessment as equalized by the county board of equalization; that said state board of equalization at their regular August, 1914, session considered and had before it the said pretended assessment of said Tax Commission and the assessment regularly and legally certified to it by said county auditor, and, in the manner prescribed by law, reviewed and considered the two assessments made as aforesaid, and equalized the assessment and valuation thereof at the figures certified to it by defendant, and not at the figures certified by said Tax Commission," and that "unless otherwise ordered the county auditor will distribute and collect the taxes upon said property for 1914 according to the value as so fixed by local taxation and recertified by the state board of equalization." The Commission has brought this proceeding to enforce compliance with its assessment, insisting that under the powers conferred by chap. 302, Session Laws 1911, §§ 2088 to 2090 inclusive, Comp. Laws 1913, and particularly subdiv. 14 of § 2088, Comp. Laws 1913, it has the sole and exclusive power to assess these properties for taxation. On the merits, then, the question is, Which one of two authorities, i. e., the local or the Tax Commission, has the exclusive power to assess "all heat, light, and power companies doing business in this state?"

But before the merits are reached, a preliminary question must be considered which might be decisive of the case, dependent on the way it is decided. The Commission assert that as constitutional guaranties are for the benefit of those whose rights are affected, and as a general rule cannot be taken advantage of by any other person than one so interested, this defendant as county auditor has no personal interest in the tax in question, and hence has no duty other than to follow the last word of the legislature on the matter at hand (chap. 302, Session Laws 1911), and cannot be heard to assert the unconstitutionality of said statutes as a defense to mandamus.

Thus arises a perplexing question upon which the courts in the various jurisdictions are much divided, if not in hopeless conflict. For every decision upon one side of the question one can be found on the other. Two basic lines of reasoning are pursued. The one, that an unconstitutional statute is not law for any purpose, and therefore can be challenged by anyone in any direct proceeding. The other rule, supported by the greater weight of authority, is based largely upon governmental policy, and virtually prohibits a ministerial officer from challenging the constitutionality of a legislative act, except where he is personally interested, as, by reason of a disbursement to be made thereunder for which he is financially responsible. This upon the theory in the main that courts should accept as final the acts of the legislature and discourage attacks upon them, except where necessary to protect the private interests of the individual asserting invalidity and peculiarly and particularly affected thereby. Under the great weight of authority this public official could not, under ordinary circumstances, raise this question in mandamus. Dean v. Dimmick, 18 N. D. 397, 122 N. W. 245; 26 Cyc. 156; and notes in 47 L.R.A. 512–519; 24 L.R.A. (N.S.) 1260; and 34 L.R.A.(N.S.) 1060. Thus he could not have raised it of his own volition had no other assessment been attempted or made than an assessment of these parties by the State Tax Commission  He could not have refused to obey the commands of the Commission arbitrarily or capriciously, for the mere purpose of having a mooted point of law decided in this assessment matter, and in the absence of a court decision passing upon the constitutionality of this act. But under the circumstances in which this official found himself placed, one or the other alternative must be followed. He must choose and un-

der his official oath must follow the law to the best of his ability. And when acting as he has here, inasmuch as he is represented throughout these proceedings by the state's attorney of the county, elected to advise him with other county officials in such dilemmas, his decision under legal advice upon the law is required by these petitioners. State ex rel. Wiles v. Williams, 232 Mo. 56, 34 L.R.A.(N.S.) 1060, 133 S. W. 1. And under such circumstances, in a matter of this importance, he may invoke the unconstitutionality of the law under which an apparently regular proceeding by taxation, a prima facie valid tax, has resulted and is sought to be overthrown by a purported substituted assessment. "In cases where the duty to perform an act depends solely on the question whether a statute or ordinance is constitutional and valid, the question may sometimes be determined on a petition for mandamus." 26 Cyc. 156. While courts should be slow to entertain suits invoking constitutionality, yet the circumstances here are exceptional and unusual. The public is interested in having a decision upon who has the power to assess this class of public utilities. Every county auditor and many other local taxing officials are confronted yearly with this question, as is every owner of this class of property throughout the state. The matter might be considered as involving questions *publici juris.* The merits will therefore be passed upon.

As a basis for the attack on the constitutionality of chap. 303, Session Laws 1911, certain parts thereof have been specified as violative of our fundamental law. It is necessary to notice but one of them to render this decision. Reference is had to a portion of the third specification of unconstitutionality in the return to the writ. It is there asserted that the statutes in question "violate § 13 of the Constitution of North Dakota, which prohibits a person or corporation from being deprived of property without due process of law." This attacks the assessment as made under subdivision 14 of § 9 of said chap. 303, Sess. Laws 1911 or subdiv. 14 of § 2088, Comp. Laws 1913. The portions of that section material to inquiry read: "It shall be the duty of the Commission and it shall have power and authority (subdiv. 14) to assess at their actual value all light, heat, and power companies doing business in the state." The objections to this assessment made pursuant to this statute upon property concededly within the statutory classification are many. Respondent asserts that it is violative of due process of law in

the taxation of property, in that at no place or stage of proceedings is the owner of property assessed afforded an opportunity to question the validity of and the amount of the assessment or tax; nor is any provision made as to how or when such assessment must be made; nor upon what method for ascertainment of value. With this are also embodied constitutional questions under § 179 of the state Constitution, as to the authority of a taxing power without the county, city, or municipality wherein this class of property is situated to assess, the Constitution providing that such property "shall be assessed in the county, city, township, village, or district in which it is situated, in the manner prescribed by law." This constitutional question is not necessary of decision. Should the statute be held unconstitutional on these grounds, much, if not all, of the powers of the Tax Commission other than those of a strictly advisory kind, would be annulled. On other grounds of due process urged as violated by subdivision 14, the Commission was without authority thereunder to make this purported assessment. It is noticeable that by this enactment a new method by a new taxing power is attempted as to this class of property. It is an attempt to supersede local taxing authorities by a central state taxing power. It is in no sense the supplementing of the taxing power of the various municipalities and counties. Rather is it the curtailing of their powers by vesting them in one constituted authority with wide open powers in such respect. Necessarily, then, there was no procedure at the time of the passage of chap. 303, Session Laws 1911, provided or outlined under which this entirely new scheme of taxation was empowered to proceed. Instead, a bare power to tax, coupled with a declared duty to assess, was given this Board, but without further definition of how it should proceed, when it should assess, what notice to the property holder should be afforded, nor as to what redress or relief he should have, nor when nor how available. None of these essential and distinguishing features between taxation and confiscation are provided. On the contrary all are left to supposition, or rather are wholly undefined by the law itself. No precedent can be found upholding an assessment levied under similar circumstances.

The Commission urges strenuously that this new enactment must be read in the light of existing revenue statutes which are to be taken as declaratory of procedure in the absence of further directions in said

chap. 303 itself. Concededly true. But nowhere in the revenue laws is there any provision under which this Commission has levied this purported assessment. How did it value these public utilities and from what did it ascertain its knowledge? It may be assumed that it personally visited the plants by its representative, but by what returns and data were the values fixed? Were the owners afforded an opportunity of listing their properties; if so, how and where and before what representative of the board and under what law? Then, again, if the ordinary revenue statutes apply, why was not this assessment filed earlier and submitted for review and equalization? The answer is found in the briefs and in the memorandum opinion of the trial judge,—that the Commission claim to have the final authority "to utter the last word," and that "there is no necessity for a review of its acts." Taken, then, at its own contention, further illustrated by the fact that it did not file this assessment until too late for any review and equalization by the local boards, it is established that in substantially all vital respects it is not within, and was not intended to be controlled by, any present laws governing the manner of and procedure in general taxation. That it can at the late date it did file its purported assessment, and claim to act under legal sanction but concededly in absence of any law applicable, is the best and conclusive evidence that in so acting it was without the law, i. e., necessarily proceeding entirely on its own volition, with the law entirely undefined as to how and when and where, under what circumstances, upon what information, and how ascertained, and upon what notice, and with what opportunity for redress, relief, or correction of error was this purported assessment made. All of these being indefinite as not provided for by statute, no opportunity could have been given the owner to be heard, and the Commission could not possess the power to formulate, levy, or file a valid assessment.

But it contends that such an opportunity was afforded for relief. Under the statutes creating it and declaring its duties, it is provided that "said Commission shall be in continuous session, and open for the transaction of business every day, except Sundays, and legal holidays; and the sessions of such Commission shall stand, and be deemed to be adjourned from day to day, without formal entry thereof upon its records. The Commission may hold sessions, or conduct investigations at any place other than the capitol when deemed necessary to facilitate

the performance of its duties. Individual members of the Commission may, upon direction of said Commission, likewise, conduct hearings and investigate at any other place than the capitol." Section 6 of said chapter 303. It contends that, as it was obliged to always be in session at the state capitol, the property owner had notice of that fact, and could apply to it at any time for relief, and was thus afforded an opportunity at all times to be heard prior to or after assessment. But this is not the notice or opportunity necessary. The duty is not upon the taxpayer to obtain his day in court, but instead the law must afford him such opportunity, and, where it does not, a conclusive presumption of prejudice therefrom arises. It is not what the Board may do or may have done, but it is the *opportunity that the law affords* a taxpayer to thereunder protect his property by a hearing guaranteed and provided by law, that satisfies the constitutional right that his property shall not be taken except by due process of law. Notice by the Board without sanction of law therefore is not notice, and is no step in taxation proceeding, and cannot answer the requirement that property can only be taxed and taken thereunder by due process of law. This was early decided in Power v. Larabee, 2 N. D. 141, 49 N. W. 724. When speaking of sessions of the board of equalization the court in the syllabus says: "The public is not chargeable with notice of any meeting of such board, except that designated in the statute. Taxpayers are invited by the law to attend at an appointed session of the board and present to the board any grievances which they may have on account of assessments made on their property. No other opportunity for a hearing is given, and if no session is had at the time and place prescribed there is no chance to be heard at all. This is fatal to the tax in all cases where the law bases the tax upon an official valuation and in terms gives the taxpayer an opportunity to be heard. Actual injury need not be shown; the law will presume an injury on grounds of public policy." And at page 156 of the state report is found the following: "Preliminary steps have been taken to make a valid assessment, but they have not been consummated. The sovereign through its agent, the assessor, has apprised the citizen by the assessment and its proper return to the proper office that in the apportioning of the levy his property will be valued at a certain sum. So far he has had no hearing. The law provides for this at a later date. Is the arbi-

trary valuation of the assessor without the chance of contesting its accuracy a complete assessment? If so, then the allegation of the plaintiff is a final judgment against the defendant without any hearing or opportunity to be heard. The assessment is no more than the statement of the case of the public against the citizen as to the valuation of his property as the basis of taxation. Final judgment can be pronounced—the assessment can be regarded as final and complete—only after an opportunity for hearing has been accorded. Then and only then is there a legal assessment." At page 157 this is found: "There is nothing in the suggestion that the plaintiff should have shown that he made an attempt to be heard. The law does not require that the citizen should perform an idle ceremony to protect a constitutional right. . . . *Where there is no legal right to be heard under the law, there is a conclusive presumption that the assessment is unjust. The law stigmatizes as arbitrary every such proceeding.*" Concededly under no law is the person to be taxed required to appear at the state capitol before this board, either at a time set by the Board or at his own convenience. Hence his appearance before that Board would not be an appearance "under the law." And what is here said does not take into consideration any rights that an owner of this class of property may have that his "property shall be assessed within the county in which the property is located" (Const. § 179), *i. e.*, by local taxation machinery, and before which he may have an opportunity to appear in his own county or municipality, and there, and not at a state capital hundreds of miles distant, seek to correct any overvaluation or disproportionate assessment. Blomquist v. Bannock County, 25 Idaho, 284, 137 Pac. 175, at 181.

It is difficult to understand how any other conclusion can be drawn under elementary principles of taxation, than that the effect of the statute, as shown by its interpretation by the appellants by what they have done thereunder in this purported assessment, is a deprivation of property under guise of taxation and without due process of law because of an entire want of an opportunity of the property owner to be heard during the course of proceedings, and before the purported tax shall have become absolute. "Speaking generally, his right under the 'due process of law' clause of the Constitution is limited to a hearing at some stage or in some form or proceeding before the tax or

assessment becomes absolute or incontestable, upon the question of whether his property is subject to the tax as fixed or declared by the legislature or council, and the amount or proportion of the tax which his property must bear in relation to other properties similarly as-- sessed." 4 Dill. Mun. Corp. § 1365. While due process of law in taxation is different under Federal and state Constitutions, the former being less exacting and more easily satisfied (11 Enc. U. S. Sup. Ct. Rep. at page 508 and notes), yet under Federal holdings this assess- ment is void. Londoner v. Denver, 210 U. S. 373, 384, 52 L. ed. 1103, at page 1112, 28 Sup. Ct. Rep. 708. The following is there found: "But where the legislature of a state, instead of fixing the tax itself, commits to some subordinate body the duty of determining whether, in what amount, and upon whom it shall be levied, and of making its assessment and apportionment, due process of law requires that, at some stage of the proceedings, before the tax becomes irrevoca- bly fixed, the taxpayer shall have an opportunity to be heard, of which he must have notice, either personal or by publication or by a law fix- ing the time and place of the hearing." Citing Hagar v. Reclamation Dist. 111 U. S. 701, 28 L. ed. 569, 4 Sup. Ct. Rep. 663; Kentucky R. Tax Cases, 115 U. S. 321, 29 L. ed. 414, 6 Sup. Ct. Rep. 57; Winona & St. P. Land Co. v. Minnesota, 159 U. S. 526–537, 40 L. ed. 247– 251, 16 Sup. Ct. Rep. 83; Glidden v. Harrington, 189 U. S. 255, 47 L. ed. 798, 23 Sup. Ct. Rep. 574; Hibben v. Smith, 191 U. S. 310, 48 L. ed. 195, 24 Sup. Ct. Rep. 88; Security Trust & S. V. Co. v. Lexington, 203 U. S. 323, 51 L. ed. 204, 27 Sup. Ct. Rep. 87; Cen- tral R. Co. v. Wright, 207 U. S. 127, 52 L. ed. 134, 28 Sup. Ct. Rep. 47, 12 Ann. Cas. 463. "Many requirements essential in strictly judi- cial proceedings may be dispensed with in proceedings of this nature. But even in here a hearing, in its very essence, demands that he who is entitled to it shall have the right to support his allegations by argu- ment however brief; and, if need be, by proof however informal. Pittsburgh, C. C. & St. L. R. Co. v. Backus, 154 U. S. 421–426, 38 L. ed. 1031–1036, 14 Sup. Ct. Rep. 1114; Fallbrook Irrig. Dist. v. Bradley, 164 U. S. 112–171, et seq. 41 L. ed. 369–393, 17 Sup. Ct. Rep. 56." See also Soliah v. Cormack, 17 N. D. 393, 117 N. W. 125, 222 U. S. 522, 56 L. ed. 294, 32 Sup. Ct. Rep. 103, and 8 Cyc. 1134.

If the power of the Commission to make this assessment be upheld by the precedent so announced, the door will be closed against the property owner being afforded an opportunity outside of the courts to obtain relief from disproportionate or excessive valuation or kindred injustices arising from perhaps arbitrary or capricious action of taxing authorities. The State Tax Commission has no power to assess under § 14 of the act in question.

As this case is between public officials, all acting in good faith attempting to perform what they understood to be duties of office, "it would be unjust to mulct them for mistakes of the legislature." State ex rel. Rusk v. Budge, 15 N. D. 205, 106 N. W. 293. Hence no costs will be allowed to either party. The judgment is affirmed.