MONTANA–DAKOTA POWER CO. v. WEEKS, Tax Commissioner of North Dakota, et al., and five other cases.

Nos. 581–584, 586, 587.

District Court, D. North Dakota, S. W. D.

Oct. 24, 1934.

Cyrus Field, of Fergus Falls, Minn., for plaintiff Ottertail Power Co.

Wm. Groth, of Minneapolis, Minn., for plaintiffs Northern States Power Co. and others.

Hayner Larson, of Minneapolis, Minn., for plaintiff Montana-Dakota Power Co.

O'Hare, Cox & Cox, of Bismarck, N. D., for plaintiffs Central West Service Co., North Dakota Power & Light Co., and Northern Power & Light Co.

P. O. Sathre, Atty. Gen., and J. M. Hanley and J. M. Hanley, Jr., both of Mandan, N. D., for defendants.

Before GARDNER, Circuit Judge, and MOLYNEAUX and MILLER, District Judges.

GARDNER, Circuit Judge.

There are here consolidated for purposes of trial six suits in equity brought by power companies operating in North Dakota to enjoin the defendants, members of the state board of equalization of North Dakota, from enforcing the provisions of chapter 252 of the Session Laws of North Dakota for the year 1933. This act imposes a 12 per cent. annual gross income tax against certain power companies described in the act. No deductions of any kind are permitted. Section 3 requires each power company on or before the first day of March in each year to make and return to the state tax commissioner, on such blanks as he may prescribe, a sworn statement of its gross receipts in the state of North Dakota during the preceding calendar year, together with such other information as the tax commissioner may require. Section 5 makes it the duty of the state tax commissioner to satisfy himself of the accuracy of the reports made by each power company and to correct any error or inaccuracies which he may discover therein. Section 6 provides in part as follows: "A total tax due from each power company, shall be computed and determined by the Tax Commissioner from the annual return herein required or from any other information. The State Board of Equalization shall meet at the office of the State Tax Commissioner, on or before the fourth Monday in April and assess and levy the tax as herein provided."

Section 11 provides that the taxes imposed shall be in lieu of all other taxes, state, county, municipal, road, or school taxes, licenses or fees upon power companies and their franchises, and upon all property of such companies, tangible or intangible, used or useful in power operation, except motor vehicle license and fuel taxes, and special assessments for local improvements.

The constitutionality of the statute is challenged upon various grounds, but we are of the view that it will only be necessary to consider the following contentions: First, the act is void because violative of section 179 of the Constitution of the state of North Dakota, which expressly provides the method by which the property of power companies shall be assessed. Second, the act is void because violative of section 1 of the Fourteenth Amendment to the Constitution of the United States, and section 13 of article 1 of the Constitution of the state of North Dakota, in that said act affords no opportunity at any stage of the tax proceedings to question the validity or propriety of the assessment or the amount of tax to be levied thereunder.

Section 179 of the Constitution of North Dakota (as amended in 1928, see Laws 1929, p. 402) provides in part as follows: "All taxable property except as hereinafter in this section provided, shall be assessed in the county, city, township, village or district in which it is situated, in the manner prescribed by law. The property, including franchises of all railroads operated in this state, and of all express companies, freight line companies, dining car companies, sleeping car companies, car equipment companies, or private car line companies, telegraph or telephone companies, the property of any person, firm or corporation used for the purpose of furnishing electric light, heat or power, or in distributing the same for public use, and the property of any other corporation, firm or individual now or hereafter operating in this state, and used directly or indirectly in the carrying of persons, property or messages, shall be assessed by the State Board of Equalization in a manner prescribed by such state board or commission as may be provided by law. * * * *"

As has been observed, chapter 252, Session Laws of North Dakota for 1933, has attempted to substitute the gross earnings of power companies as the basis for taxation of their properties. The taxes provided for are in lieu of all other taxes, and the act fixes the assessment.

Section 179 of the Constitution provides that the property of power companies

used for the purpose of furnishing light, heat, or power, or distributing the same for public use, "shall be assessed by the State Board of Equalization in a manner prescribed by such state board or commission as may be provided by law." There is no reference to gross receipts in any provision of the North Dakota Constitution, and of course, gross receipts do not constitute the property used by the power companies in furnishing light, heat or power, or distributing the same, and it seems fairly clear that the Constitution contemplates that the property shall be assessed, and that it shall be assessed by the state board of equalization. The word "assess" has a well-defined meaning when used in connection with the taxation of property. It means to make a valuation and appraisal of property, usually in connection with the listing of property liable to taxation. It has been said that to assess property is to place a value on it. Western Union Telegraph Co. v. Howe (C. C. A. 8) 180 F. 44, 52; State v. McClain, 136 Or. 53, 298 P. 211; State v. Redd, 166 Wash. 132, 6 P. (2d) 619; Clark v. City of Burlington, 101 Vt. 391, 143 A. 677; Seested v. Dickey, 318 Mo. 192, 300 S. W. 1088.

In Western Union Telegraph Co. v. Howe, supra, the Circuit Court of Appeals of this circuit, in considering certain provisions of the Constitution of Kansas with reference to the assessment of property, said: "The word 'assessment' as used in the Constitution (section 1, art. 11) means valuation of property by the proper officers for the purposes of taxation."

The word "assess" implies the exercise of discretion on the part of the officials charged with the duty of assessing, including the listing or inventorying of the property involved, the determination of the extent of the physical property, and the placing of a value thereon. In determining the gross receipts there is no room for the exercise of discretion. Their determination may require mathematical computation and some skill as an accountant, but this act takes from the constitutional board all power of assessing the property of utility companies. This provision of the Constitution is mandatory (N. D. Const. § 21), and places in the state board of equalization and the tax commissioner the power and duty of ascertaining how much property a power company has in the state devoted to the generating and distributing of its products to the public, and that state board is vested with the exclusive power and authority of fixing the value of such property for purposes of tax-

ation. This is all done by this legislative act which eliminates the function of assessing such property by the state board of equalization and substitutes therefor a legislative tax of 12 per cent. upon the gross earnings of such companies. The only act which may be performed by the state board of equalization under the challenged law is the ministerial function of applying the legislative rate to the amount determined by the tax commissioner to be the gross earnings of the companies.

The Supreme Court of North Dakota in Northwestern Improvement Company v. State, 57 N. D. 1, 220 N. W. 436, in discussing section 179 of the Constitution, held that the first sentence of the section had the effect of denying to the Legislature the power to assess real property consisting of unmined coal and minerals on an acreage basis only because this constitutional provision requires that such property be assessed by the local taxing officials. As applied to the instant case, the section requires that the property of public utilities be assessed by the state board of equalization. We cannot escape the conclusion that section 179 of the Constitution prohibits the Legislature of the state of North Dakota from assessing public utility property on a gross earnings basis, or any other basis which does not take into consideration the value of the property, and which does not leave the assessing of that value to the board of equalization.

A study of the provisions of chapter 252 convinces that it makes no provision at any stage of the tax proceeding before the state tax commission, or the state board of equalization, or otherwise, for an opportunity to the taxpayer to be heard, either to question the validity or propriety of the assessment, or the amount of the tax. Of course, if no discretionary functions are to be performed by the state board of equalization or other tax officials, and their sole duties are ministerial in nature, then a hearing would be of no avail to the taxpayer. While no discretion seems to be vested in the state board of equalization by this act, the state tax commissioner has certain duties to perform. The act provides that "it shall be the duty of the State Tax Commissioner to satisfy himself of the accuracy of the reports made by each power company, as provided in this Act, and to correct any error or inaccuracies which he may discover therein; and the records, books and accounts of the power companies, shall be subject to inspection by the State Tax Commissioner, or the duly authorized representative." Section 5.

It is observed that the commissioner is not compelled to accept as correct the reports of the power companies. The act provides that it is his duty to satisfy himself of the accuracy of the reports. If the reports are found by him to be inaccurate, he has the power to change them, and, in order to enable him to do this, he has the right of inspecting the records, books, and accounts of the power companies. After the state tax commissioner has satisfied himself as to what the gross earnings of the companies are, it is provided that "total tax due from each power company, shall be computed and determined by the Tax Commissioner from the annual return herein required or from any other information." Section 6. The commissioner is authorized to "determine" the total tax due, and this seems to be a broader term than the word "compute," and it is observed that this is to be done, not necessarily from the reports filed by the companies, but "from any other information."

It appears from the record that the plaintiff companies maintain merchandise departments and sell electrical, gas, and steam appliances and equipment, and that the funds arising from these sales are mingled with funds received by the companies for electrical energy, steam, and gas. The companies also receive substantial sums from meter deposits, which are likewise mingled with their general accounts, as shown from their books. Refunds are sometimes made to patrons, and corrections are made from time to time on accounts which are more than one year old. These transactions might readily give rise to serious controversies as to whether different sums constituted part of the gross earnings for the period of a year. The tax commissioner, upon examination of the books, records, and accounts of the companies, or from some other sources, as he is authorized under the statute to do, might readily determine the gross earnings for a given year at a substantially different amount than that reported to the tax commissioner by the companies. Should he make a substantial change, chapter 252 makes no provision for any notice of such change. So far as the statute is concerned, the tax commissioner might double the amount as reported, and yet the company would have no notice of such increase or change.

■ The Supreme Court of North Dakota has held that a taxpayer is entitled to notice and a hearing under a statute which provides for a tax upon his property. Not only is the taxpayer entitled to notice and a hearing, but the statute must make provision for such notice and hearing, and, if it does not so provide, it is void because violative of the due process of law provision of both the State and Federal Constitution. Power v. Larabee, 2 N. D. 141, 49 N. W. 724; State v. Leech, 33 N. D. 513, 157 N. W. 492, 495. See, also, Hagar v. Reclamation Dist., 111 U. S. 701, 4 S. Ct. 663, 28 L. Ed. 569.

In State v. Leech, supra, the Supreme Court of North Dakota held a taxing statute void for lack of provision for notice and hearing. In the course of the opinion in that case it is said: "The duty is not upon the taxpayer to obtain his day in court, but, instead, the law must afford him such opportunity, and where it does not a conclusive presumption of prejudice therefrom arises. It is not what the board may do or may have done, but it is the opportunity that the law affords a taxpayer to thereunder protect his property by a hearing guaranteed and provided by law that satisfies the constitutional right that his property shall not be taken except by due process of law. Notice by the board without sanction of law therefor is not notice, and is no step in taxation proceeding, and cannot answer the requirement that property can only be taxed and taken thereunder by due process of law."

■ But it has been suggested that the tax provided for is an excise tax, and for that reason no notice nor opportunity for hearing need be provided for. The name given a tax by the Legislature is not controlling, but the circumstances of the statute and its incidents and attributes must control. Galveston, H. & S. A. R. Co. v. Texas, 210 U. S. 217, 28 S. Ct. 638, 52 L. Ed. 1031.

It is to be noted that the tax provided is in lieu of all other taxes, and it is also to be observed that the Constitution contains mandatory provision that the property of the utility companies shall be assessed and how it shall be assessed. If the tax in question is merely an excise tax, then the physical properties of these companies have been exempted from taxation.

In Cudahy Packing Co. v. Minnesota, 246 U. S. 450, 38 S. Ct. 373, 375, 62 L. Ed. 827, the Supreme Court of the United States sustained the Minnesota gross earnings tax on freight line companies, basing its decision on the proposition that the tax was in fact one on property. Referring to its decisions in two prior cases involving taxes measured by gross receipts, the court said that the tax there involved was held to be a tax on property because "the property from which the

earnings were derived was not to be otherwise taxed." The court also said that "that tax could not be regarded as a property tax, because it was to be in addition to another tax reaching the full value of the company's property in the state." See, also, Southern California Tel. Co. v. Los Angeles County, 212 Cal. 121, 298 P. 9.

While we have referred to the tax as being one measured by gross earnings, it should be observed that, strictly ·speaking the tax is not a gross earnings tax, but is measured, not by earnings, but by "charges." The Supreme Court in United States Exp. Co. v. Minnesota, 223 U. S. 335, 32 S. Ct. 211, 56 L. Ed. 459, accepted the state court's construction to the effect that the tax there in question, which was on gross charges, was a property tax. See, also In re Skelton Lead & Zinc Co.'s Gross Production Tax, 81 Okl. 134, 197 P. 495; De Blois v. Commissioner, 276 Mass. 437, 177 N. E. 566. In the last cited case, the Supreme Court of Massachusetts held that a tax on income derived from real estate was a tax on real estate.

We are of the view that the tax cannot be justified as an excise tax.

A number of other questions have been ably presented, both on oral argument and typewritten briefs, but, in view of the conclusion which we have reached, a consideration of the other contentions presented would seem to serve no useful purpose.

We conclude that plaintiffs in these suits are entitled to decrees as prayed, and counsel for plaintiffs may present findings and form of decree in each suit in conformity with this opinion.