Argued July 23, decided July 29, 1913.

## GIBBONS *v.* HOOD RIVER IRR. DIST.

(133 Pac. 772.)

Constitutional Law—Obligation of Contracts—Impairment.

1. Sections 6167–6217, L. O. L., provide for the government and organization of irrigation districts, including the assessment and collection of taxes sufficient to discharge the obligations of the district, and made payable on November 1st of each year, and made delinquent on the last Monday in December. Under this law bonds were issued by the irrigation district with interest coupons payable, as required by Section 6182, January 1st and July 1st. Laws 1913, page 382, amends several sections of Chapter 7, among others Section 6192, and provides that, after the board has completed the equalization of the assessment, it shall certify a copy thereof to the county clerk, who shall enter the same upon the assessment-roll of the county, and that it shall be collected in the same manner as other taxes, the result of which would be that funds would not be available for January interest on the bonds until April, and for the July interest until November. *Held,* that since the amendment of 1913 would impair the irrigation company's contract with the bondholders, it cannot apply to the bonds and other obligations existing at the time of its enactment; and hence a peremptory writ of *mandamus* will issue to compel the officers of the irrigation district to make the levy and assessment according to the method prescribed prior to the amendment of 1913.

Statutes—Effect of Partial Invalidity.
2. As Laws of 1913, page 382, so amends Chapter 7, L. O. L. (Sections 6167–6217) as to change the whole method of the assessment and collection of taxes for irrigation districts, and as the efficacy of each section depends, more or less, upon the others, no part of the Laws of 1913 can be given effect without the whole.

*Mandamus* proceeding in Supreme Court.

Statement by MR. JUSTICE EAKIN.

This is a petition in *mandamus* by J. J. Gibbons against the Hood River Irrigation District, E. E. Stanton, E. W. Sweany, A. O. Anderson, Frank Fenwick and R. W. Kelly, as the board of directors, Paul Hughes, as assessor, and L. E. Dart, as collector, of said Hood River Irrigation District, to compel defendants to levy an assessment according to the method prescribed by Chapter 7, L. O. L.

This cause is presented upon an alternative writ of *mandamus,* issued out of this court. After reciting the facts, the writ directs that the defendants be commanded to make the assessment and taxation of the lands lying within the defendant irrigation district, according to the provisions of Chapter 7, Title 41, L. O. L., being the act of the legislative assembly of 1895, entitled: "To provide for the organization and government of irrigation districts," etc.: Laws 1895, p. 13, as amended by Laws 1909, p. 144, and by Laws 1911, p. 378. From the writ it appears that the legislature of 1913 amended certain sections and repealed others of said Chapter 7, under which the defendants are threatening to and will act unless otherwise directed by this court. An answer to the writ was filed by the defendants, admitting most of the facts alleged and denying others. However, the denials raise only issues of law as to the application of the amendment of 1913 to the bond issues of the defendant company which were made and issued under said Chap-

66 Or.—14

ter 7 prior to the act of 1913, which amounts to a demurrer to the writ; and the only question for our consideration is whether the later amendment of portions of Chapter 7 should govern defendant company and its officers in the assessment, levy and collection of the taxes to meet its obligations, especially the interest payment upon the said bonds, made due and payable as provided in Section 6183 of said Chapter 7; the contention of the plaintiff in the writ being that the effect of the amendment of 1913 impairs the obligations of the defendant company under its contract with its bondholders.          Peremptory Writ Allowed.

For the plaintiff there was a brief and an oral argument by *Mr. George R. Wilbur.*

For the defendants there was a brief and an oral argument by *Mr. A. J. Derby.*

Mr. Justice Eakin delivered the opinion of the court.

1. The act of 1913 (Laws 1913, p. 382) amends Sections 6170, 6186, 6190, 6191, 6192, 6202, and 6212 of said Chapter 7, and repeals sections that are rendered unnecessary or inoperative by the amendment. The amendment of Section 6170 only abolishes or eliminates the two offices of assessor and collector, whose duty it is to assess and collect, respectively, the tax for payment of the obligations of the defendant company. The amendment of Section 6186 imposes upon the board of directors the duty before devolving upon the assessor, namely, the duty of preparing a budget of the financial needs of the defendant company for the following year, which shall constitute an assessment upon all land in the district, and requires it to apportion the assessment to the land in proportion to the number of acres of irrigable land in the district. It

also changes the method of assessing the amount to be raised, namely, prior to the amendment the assessor is required to view and assess upon the lands in the district a charge sufficient to pay all charges and obligations incurred by virtue of any contract in proportion to the benefits derived from the construction of the irrigation project, while the amendment directs the board to assess the amount needed proportionately, according to the acreage of all land that is capable of irrigation; but the propriety of such a change is a legislative question with which we have nothing to do, and, standing alone, these changes have no bearing upon the obligations of the bonds, and the amendments of Sections 6190, 6191, relate only to the equalization of the assessment, and by themselves do not affect the obligations of the defendant company. The principal contention of plaintiff is that the amendment of Section 6192 impairs the obligation of the contract of defendants' bonds. The original of this section, together with Section 6195, related to the tax levy and the collection of it by the collector, the amount being made due and payable on November 1st of each year, and is made delinquent on the last Monday in December. The following sections, which are repealed by the act of 1913, relate to the enforced collection of the assessment by sale of the land, redemption, etc. Therefore, if Section 6192 is inoperative as to the defendants' bonds, the repeal of the subsequent sections must also be inoperative. Section 6192, as amended by the act of 1913, provides that after the board has completed the equalization of the assessment, it shall certify a copy of it to the county clerk, who shall enter the same upon the assessment-roll of the county, and that it shall be collected and accounted for in the same manner as other taxes. Therefore the funds would not be available for the payment of the January interest on

defendants' bonds until after the 1st of April, and the same result would obtain as to the July payment, as the second payment of taxes is not due until October, and would not be available until that time for the July payment of interest, which we see would have the effect to impair the defendant company's contract with the bondholders. Therefore, the amendment cannot apply to obligations existing at the time of the enactment: *Strand* v. *Griffith,* 63 Wash. 334 (115 Pac. 512).

2. And as all amendments affected by the act were made with the intention of changing the method of the assessment and collection of the tax, and the efficacy of each section is more or less dependent upon the others, we find that no part of the act of 1913 can be given effect without the whole. The amendment cannot apply to obligations of irrigation districts, organized and bonded under the act of 1895, prior to said amendment, if such obligations would be affected thereby. As all of such bonds are required by Section 6182 to be dated January 1st or July 1st, and the interest coupons are due and payable on those dates, respectively, the bondholders are entitled to have these terms of the bonds observed. Therefore the act of 1913 under consideration can have no application to the defendant the Hood River Irrigation District, nor to its method of assessing and collecting its taxes, and plaintiff is entitled to the peremptory writ of *mandamus* as prayed. It is so ordered.

PEREMPTORY WRIT ALLOWED.