Submitted on briefs January 7, writ allowed January 19, 1926.

# JOHN K. KOLLOCK *v*. E. S. BARNARD ET AL.

### (242 Pac. 847.)

**Mandamus—Mandamus Lies to Compel Levy of Tax Required by Mandatory Statute, Unless Other Remedy Provided.**

1. In view of Section 613, Or. L., *mandamus* will lie to compel the levy of a tax required by a mandatory statute, unless some other remedy is provided.

**Mandamus—Holders of Bonds of Irrigation District Held Without Adequate Legal Remedy Precluding Mandamus to Compel Levy.**

2. In view of Sections 7327–7331, Or. L., taking possession of irrigation and other works of irrigation district under Section 7326 is not adequate legal remedy precluding holders of bonds from resorting to *mandamus* to compel annual levy.

**Mandamus—Demand by Plaintiff Held Sufficient as Condition Precedent to Seeking Relief by Mandamus.**

3. Where bondholder of irrigation district appeared before directors' meeting called under Section 7328, Or. L., as amended by Laws of 1925, page 239, Section 2, and appeared and filed written demand with district equalization board for levy of sufficient assessment to pay interest on outstanding bonds, a sufficient demand was made as condition precedent to *mandamus* to compel levy of assessments.

**Mandamus—Plaintiff Held not Required to Negative Alternative Source for Payment of Bond Interest and Accruing Principal.**

4. Since Section 7326, Or. L., provides but one source of revenue for payment of principal and interest on irrigation district bonds, in *mandamus* to compel levy of assessments plaintiff was not required to negative any other possible source of revenue, and state's guaranty of interest, under Constitution, Article 11B, is no defense.

**Waters and Watercourses—Delinquent Assessments Levied by Irrigation District not Available as Assets, Excusing Failure to Make Annual Assessments.**

5. In view of Section 7326, Or. L., delinquent assessments levied by an irrigation district are not available as assets excusing failure to make annual assessment and provision for such delinquencies must be made in computing the amount to be raised.

---

*Mandamus*, 38 C. J., p. 558, n. 74, p. 772, n. 96, 97, p. 779, n. 78, p. 869, n. 46, p. 878, n. 83.

Waters, 40 Cyc., p. 822, n. 31, p. 824, n. 47 New, p. 824, n. 52.

1. See 18 R. C. L. 281–284.

Original proceeding in *mandamus*.

In Banc.

This is an original proceeding in *mandamus* to compel the directors of Ochoco Irrigation District, a municipal corporation, to make, equalize and apportion an assessment, and levy against all of the lands in the district sufficient to pay the whole amount of money necessary to be raised by said district for the year 1926, for any and all purposes whatsoever in carrying out the provisions of the irrigation law, including estimated delinquencies on assessments, and especially to include in such assessment and levy, any and all sums required by the district for the payment of bonds and interest accruing and maturing during the year 1926, and to certify one of the copies of such assessment, levy and apportionment to the county assessor of Crook County, Oregon, for entry upon the assessment-roll of said county, as provided by law, and to require the county judge and county commissioners of Crook County, Oregon, constituting the County Court of Crook County, Oregon, sitting for the transaction of the county business, in the event that the above-named directors of Ochoco Irrigation District shall not forthwith comply with this mandate, to proceed to cause such assessment and levy to be made and equalized in the same manner as taxes of Crook County, Oregon, are assessed, levied and equalized.

For an answer to the alternative writ, the defendants appeared, and as a reason for noncompliance therewith, the defendants filed a demurrer to the writ upon the grounds:

First, that the writ does not state facts sufficient to constitute a cause of action.

Second, want of jurisdiction of the persons of the defendant or of the subject of the action.

Third, that plaintiff has not legal capacity to sue.

Fourth, that there is a defect of parties plaintiff.

The alternative writ alleges the following facts:

E. S. Barnard, E. T. Slayton and J. O. Powell are the duly and regularly elected, qualified and acting directors of Ochoco Irrigation District, a municipal corporation incorporated as an irrigation district under the laws of 1895 and acts amendatory thereof and supplemental thereto. That the above-named F. E. Thompson is the duly appointed, qualified and acting secretary of said Ochoco Irrigation District. That the above-named M. R. Biggs, C. W. Foster and Homer Norton are the duly elected, qualified and acting county judge and county commissioners of Crook County, Oregon, and as such constitute the County Court of said Crook County, as organized for the transaction of county business.

That bonds for the construction of the reservoir and irrigation system of said Ochoco Irrigation District were issued pursuant to a majority vote of the owners of land within the said irrigation district at elections duly held in 1916, 1918 and 1919, and all of the bonds so authorized by the electors of said district at the election held in 1916 were subsequently refunded by a majority vote of the land owners in said district at an election duly held on the second day of September, 1922.

That the petitioner is the owner of bond No. 1337, issued as of the first day of July, 1922, pursuant to authorization of the electors of the district duly given at said election held on the second day of September, 1922, and certified by the Irrigation Securities Commission of the State of Oregon under date of October 6, 1922, as a refund of an identically numbered bond

issued pursuant to the authorization of the electors of said district at an election duly held in 1916, and dated July 1, 1917, and that the petitioner filed the petition for writ of *mandamus* on behalf of himself and of all persons similarly situated as the holders and owners of bonds of said district.

That there has been heretofore issued general obligation bonds of the district in the sum of approximately $1,400,000, of which said bonds $25,000 thereof mature and become payable July 1, 1926. That all of said bonds are a general obligation of the district, and constitute a direct promise to pay the sums therein named, and have attached thereto serial coupons representing interest payments thereon at the rate of 6 per cent per annum, payable semi-annually, said coupons maturing on the first day of January and July of each year following the date of issue. That coupons numbered 7 and 8 attached to each of said bonds of said district mature and become payable on the first day of January and first day of July, respectively, 1926.

That the irrigation district law of the State of Oregon, and particularly Section 7326 of Oregon Laws, provides that all bonds and the interest thereon and all obligations for the payment of money authorized and incurred under the act shall be paid by revenue from the annual assessments upon land in the district, and Section 7327 of said Oregon Laws further provides that all moneys arising from assessment and levy shall be covered into a bond fund account, kept and maintained by the County Treasurer, acting as *ex-officio* treasurer of the district, until there shall be in said funds a sufficient amount to meet the next installment of principal and interest upon all bonds of the district. That there was not at the date of

the filing of the petition, as the result of annual assessments heretofore made for the purpose of the payment of said bonds and interest, a sufficient amount to meet the installment of the principal and interest of said bond falling due, accruing and maturing during the year 1926.

That the said irrigation district law, and particularly Section 7328 of Oregon Laws, provides that "the board of directors shall on or before the first Tuesday in September of each year, make a computation of the whole amount of money necessary to be raised by said district for the ensuing year, for any and all purposes whatsoever in carrying out the provisions of this act, including estimated delinquencies on assessments; said amount of money when so determined by the board shall be and constitute an assessment upon all the lands included within the district."

That it is further provided by said irrigation district law, that said board of directors at said meeting held on the first Tuesday in September of each year shall determine the number of irrigable acres owned by each land owner in the district and the proportionate assessments, and that the board shall prepare a list or record of the assessments and apportionments so made in duplicate, giving the description of the ownership or holdings of each person, firm or corporation therein assessed or apportioned, one of which shall be a permanent record in the office of said board.

That it is further provided by said irrigation district law, and particularly by Section 7330 of Oregon Laws, that on the first Tuesday of October in each year, the board of directors, which is by said section constituted a board of equalization for that purpose, shall meet and continue in session from day to day,

as long as may be necessary, to hear and determine any objections by any interested persons to the assessments and apportionment thereof, and any other matters connected therewith that may come before them, and that the board may change its assessment and apportionment thereof and the list and record of the same as to irrigable acreage, description, etc., in any respect and in such manner as may be necessary to make the same just and in accordance with the facts, and that the secretary of such board shall be present during said session and shall note all changes made in such assessments, apportionment, lists and records, and in the names of the persons whose property is listed.

That it is further provided by said irrigation district law, and particularly by Section 7331 of Oregon Laws, that after the board of directors shall have completed its equalization of such assessment, it shall certify one of the copies or duplicate thereof, made during that year, to the county assessor of each county in which district lands lie, and that the county assessor shall enter the apportionment so made upon the county assessment-roll against the property therein respectively described, in the manner specifically provided in said section.

It is further provided in and by said irrigation district law, and particularly by Section 7331 of Oregon Laws, that "in case of the neglect or refusal of the board of directors to cause such assessment and levy to be made, as in this act provided, then the assessment and levy herein provided for shall be made and equalized by the County Court for the county in which the office of the board of directors is situated, sitting for the transaction of county business, in the same manner as the said court levies county taxes,

with like effect as the board of directors is required to make the same, and all expenses incident thereto shall be borne by said district, and said levy and assessment shall be entered on the county tax roll by the County Assessor in the manner in this section provided.''

That on the first Tuesday in September, 1925, to wit, on September 1, 1925, the board of directors of Ochoco Irrigation District, adopted a resolution wherein and whereby said board purported to make a computation of the whole amount of money necessary to be raised by said district for the ensuing year for any and all purposes, to wit, the sum of $2 per acre against all the lands in the district, for the payment only of operation, maintenance and betterments for the season of 1926, and refused and did not include in said computation any amount for the payment of principal or interest on the bonds of the district which would accrue and become payable during the year 1926.

That at the session of the board of directors, sitting as a board of equalization, on the first Tuesday in October, 1925, the petitioner appeared before said board, by his attorney and by written communication addressed to said board, and requested said board of directors to change the computation and assessment so made at the meeting of September 1, 1925, by adding thereto an amount sufficient to pay all interest which shall accrue during the year 1926 on all outstanding bonds of the district, and to retire any of said bonds which shall mature during said year, and objected to the computation so made by said board at the meeting of September 1, 1925, on the ground and for the reason that said computation did not include an amount sufficient to pay such interest

and principal of such bonds: Thereupon, said board overruled said objections and denied the request of the petitioner, and thereupon made, equalized and apportioned its assessment against the lands of the district, and thereupon failed, neglected and refused to include in said assessment and levy any sum or sums required by the district for the payment of bonds and interest accruing and maturing during the year 1926, and has at all times since, and does now, refuse to include in said or any levy any amount for such interest or principal of such bonds.

That thereafter and on or about the fourth day of November, 1925, the petitioner, by written communication and by his attorney, appeared before the County Court of Crook County, Oregon, sitting for the transaction of county business, said County Court being composed of the defendants M. R. Biggs, County Judge, and C. W. Foster and Homer Norton, county commissioners, hereinabove named, and prayed said court to make and equalize an assessment and levy for and on behalf of Ochoco Irrigation District, sufficient in amount to include any and all purposes whatsoever in carrying out the provisions of the irrigation district act, including operation, maintenance, interest on outstanding bonds, and the retirement of any and all such bonds as shall mature during the year 1926, in the manner and effect set forth in Section 7331 of Oregon Laws.

That said County Court failed, neglected and refused to make or equalize said or any assessment and levy for and on behalf of Ochoco Irrigation District, and has at all times since and does now refuse to make or equalize said or any assessment and levy for said Ochoco Irrigation District.

That the requirements of the Ochoco Irrigation District for interest to accrue on outstanding bonds dur-

ing the year 1926 is the sum of $85,500, and that the principal of bonds which will mature and become payable during said year amounts to the further sum of $25,000, or an aggregate of $110,500. That the aggregate irrigable acreage of lands within the district and subject to assessment by the district is 22,000 acres, and that an assessment and levy of $2 per acre, as made and equalized by the board of directors, will produce the sum of $44,000 and no more.

WRIT ALLOWED.

For plaintiff there was a brief over the name of *Mr. N. G. Wallace.*

For defendants there was a brief over the names of *Mr. John K. Kollock, Mr. L. M. Bechtell* and *Mr. Willard H. Wirtz.*

PER CURIAM.—The question now submitted to the court upon the record is whether or not the writ of *mandamus* based upon the facts which are undisputed shall issue as prayed for.

This proceeding is brought by the plaintiff as the owner and holder of one of the bonds of the district and is brought on behalf of himself and all defendants similarly situated. The fact of the requirement of the district for the year 1926, as to interest and bond maturities, and the fact of the refusal of the officers of the district, and of the County Court to make such levy, are admitted.

1. It is a well-settled law that *mandamus* will lie to compel the levy of a tax required by a mandatory statute, unless some other remedy is provided: 38 C. J. 772, § 415; *Gibbons* v. *Hood River Irr. Dist.,* 66 Or. 208, 210 (133 Pac. 772); *City of Astoria* v. *Cornelius* (Or.), 240 Pac. 233.

2. Section 7326, Or. L., requires the assessment of all the land in the district for the payment of the principal and interest due on bonds outstanding of the district: *Noble* v. *Yancey,* 116 Or. 356 (241 Pac. 335).

The provisions of the statute relating to the issuance and payment of bonds and obligations of the district are clear and definite. The sections of Oregon Laws applicable are as follows:

"Sec. 7326. Said bonds and the interest thereon and all payments due or to become due to the United States, under any contract between the district and the United States, accompanying which bonds of the district have not been deposited with the United States as provided in this act, and all obligations for the payment of money authorized and incurred under this act, shall be paid by the revenue derived from the annual assessments upon the land in the district, and all lands in the district shall be and remain liable to be assessed for such payments as herein provided, and under and subject to the provisions of this act.

"In case the amount assessed against any tract of land shall not be paid the next assessment against the land in the district shall be so increased as to take care of such default. In addition to the provision for the payment of said bonds and interest by taxation and other provisions of this act, all the property of the district, including irrigation and other works, shall be liable for the indebtedness of the district, and the holder of the bonds or the United States, in case contract has been executed by the United States, may, in case of default in the payment of interest or principal on the bonds, or the amount due on the contract, upon the order of the circuit court, take possession of the irrigation and other works of the district and operate the same until the amount in default shall have been fully paid."

"Sec. 7327. Payment of Coupons: Redemption of Bonds. The treasurer shall keep a 'Bond Fund' account or a 'United States contract fund' account, or a 'Bond and United States contract fund' account, as

the case may be, into which shall be covered all moneys arising from the sale of refunding bonds and assessment and levy until there is sufficient money in such fund to meet the next instalment of principal and interest upon bonds of the district, and to meet all payments for construction and all other purposes to the United States. From said fund he shall pay moneys due as principal and interest on bonds as they shall mature and the bonds and coupons be presented and as payments to the United States shall fall due."

"Sec. 7328. Assessments. The board of directors shall, on or before the first Tuesday in September of each year, make a computation of the whole amount of money necessary to be raised by said district for the ensuing year for any and all purposes whatsoever in carrying out the provisions of this act, including estimated delinquencies on assessments."

"Sec. 7330. Equalization Board: Hearing of Objection. On the first Tuesday of October of each year the board of directors, which is hereby constituted a board of equalization for that purpose, shall meet and continue in session from day to day, as long as may be necessary, to hear and determine any objections by any interested persons to the assessments and apportionment thereof and any other matters connected therewith that may come before them, and the board shall change its assessment and the apportionment thereof and the list and the record of the same as to irrigable acreage, description, etc., in any respect and in such manner as may be necessary to make the same just and in accordance with the facts. The secretary of the board shall be present during these sessions, and shall note all changes made in such assessment, apportionments, lists and record, and in the names of the persons whose property is listed." See *Gibbons* v. *Hood River Irr. Dist.*, 66 Or. 210 (133 Pac. 773).

"Sec. 7331. Levy of Assessment, and Collection. In case of neglect or refusal of the board of directors to cause such assessment and levy to be made, as in

this act provided, then the assessment and levy herein provided for shall be made and equalized by the county in which the office of the board of directors is situated, sitting for the transaction of county business, in the same manner that said court levies county taxes with like effect as the board of directors is required to make the same, and all expenses incident thereto shall be borne by such district, and such levy and assessment shall be entered on the county tax roll by the county assessor in the manner in this section provided.''

The defendant urges that plaintiff has a plain, speedy and adequate remedy at law. Section 613, Or. L., provides that the writ of *mandamus* shall not be issued where there is such a remedy.

The main contention of defendants is that the provisions in Section 7326, Or. L., provide that in cases of default in the payment of the interest or principal of the bonds of an irrigation district, a bondholder may apply to the Circuit Court, and by order of such court, he may take possession of the irrigation and other works of the district and operate the same until the amount in default shall have been fully paid, and that this provision is a method of foreclosure available to plaintiff and provides his remedy.

The bond issue of an irrigation district or municipality is not a mortgage. There is nothing in the statute which gives the bondholder a lien upon the irrigable land included within the district. The last section referred to does not provide for a foreclosure as suggested by defendants. The statute expressly provides: ''Such bonds and the interest thereon * * and all obligations for the payment of money * * shall be paid by revenue derived from the annual assessments upon the lands in the district.'' No other source of payment is indicated in the act. The

116 Or.—45

provisions in the second paragraph of Section 7326, referred to above, and claimed by defendants' counsel as providing adequate remedy for plaintiff by taking possession of the irrigation, and other works of the district, is not a proceeding for foreclosure, but is intended as an ancillary proceeding somewhat analogous to the appointment of a receiver. The bondholder may hold the works of the district, but not under any circumstances the irrigable lands of individuals in the district until through the only method provided by statute, namely, the levy of taxes, the principal and interest of such bonds shall have been paid.

The primary and only source for the payment of bonds is the annual assessments levied and assessed by the board of directors, and unless the holders of bonds can by *mandamus,* or otherwise, compel such annual levy, they are without an adequate remedy.

3. The meeting of the board of directors as provided for by Section 7328, as amended by Chapter 161, Section 2, Gen. Laws 1925, page 239, to be held "on or before the first Tuesday in September of each year," is for the purpose of the board making a computation of the amount deemed necessary for district purposes. Under Section 7329, the secretary is required to "give notice of the time the board of directors acting as a board of equalization, will meet for the purpose of levying and correcting its assessment and apportionment of taxes, as in this act provided, by publishing the same in a newspaper, published in each of the counties in which the district is situated. The time when the board shall meet for said purpose shall be the first Tuesday of October following, and in the meantime the assessment list and records shall remain in the office of the secretary of

the board for the inspection of all persons interested, and all persons shall be presumed to have notice of the time of such meeting, whether he received actual notice or not.''

The alternative writ shows affirmatively that the plaintiff appeared in writing and by attorney before the board of directors at its meeting duly called and held on the first Tuesday in October, 1925, and also appeared in writing and by attorney before the meeting of the board of county commissioners at its meeting held on the fourth day of November, 1925, and filed a written demand with the district equalization board, which is the board of directors of the district, and made a written demand for the levy of a sufficient assessment to pay all interest which shall accrue during the year 1926 on all outstanding bonds of the district, and to retire any of said bonds which shall mature during said year. And that the demand was denied by the board of directors of the district and also by the County Court of Crook County. We think a sufficient demand was made by the plaintiff as a condition precedent to seeking the relief herein.

4. Counsel for defendant maintains the alternative writ fails to negative the alternative source for the payment of bond interest and accruing principal, from issue of refunding bonds, or from receipts through the guarantee by the State of Oregon under Article XI–b of the Constitution of Oregon.

The alternative writ plainly alleges the fact that the requirements of the Ochoco Irrigation District for interest to accrue on outstanding bonds during the year 1926 is the sum of $85,500, and that the principal of the bonds which will mature and become payable during said year amounts to the further sum of $25,000, or an aggregate of $110,500. Funds for these

purposes are to be kept separate from the fund for maintenance and operation.

In view of the fact that the statute provides primarily one source for the payment of principal and interest of bonds, namely, "the revenue derived from the annual assessments upon the lands in the district" (Section 7326), we think that the ultimate fact alleged is sufficient; and that the plaintiff is not required to negative any other possible source of obtaining revenue by the district, for the purpose mentioned. In the matter of the guarantee of interest by the state, we do not think that that matter is involved.

5. It would not be an excuse for the district's failure to make the required assessment and levy. Counsel for defendants also argue that the alternative writ does not show that there were no delinquent taxes which, if collected in full, would be sufficient to pay all interest and principal becoming due in 1926. As we understand the statute, instead of delinquent assessments being available as an asset, at the time of making the annual assessment, it is necessary to make provision for such delinquencies in computing the amount to be raised: Section 7326, Or. L.

This question was considered by this court in the case of *Noble* v. *Yancey,* decided December 1, 1925, when this court said:

"Under the irrigation district law in force at the time of the computation of the assessment, of which the plaintiff complains, chapter 357 of the Laws of 1917, with acts amendatory thereof and supplementary thereto, there were three distinct provisions directing the board of directors to provide for delinquencies in the payment of previous assessments. This is but another way of stating that the lands of the district shall 'be and remain liable,' as provided in the old act."

The reliance upon delinquent assessments by an irrigation district for the purpose of paying principal and interest of bonds would not be in accordance with the spirit or letter of the statute. The payment of the obligations and bonds of the district which have been regularly incurred and issued should be provided for pursuant to the statute. It is in the interest of every irrigation district in the state that this should be done. Otherwise no bonds of an irrigation district could be sold for anything like a fair price.

The demurrer to the alternative writ of *mandamus* is overruled. The time fixed by order of this court, to wit, the fifteenth day of December, 1925, for the defendants to show cause, if any exists, why a peremptory writ of *mandamus* should not issue, having long since expired, and the defendant having wholly failed to show any good cause why the writ should not issue, or why the assessment and levy in question should not be made as prayed for in plaintiff's petition, therefore the alternative writ of *mandamus* will be made peremptory.

Let the writ issue.                    WRIT ALLOWED.