In Banc.
Plaintiffs instituted the above entitled action to require defendants to levy a tax for the purpose of raising revenue with which to pay the bonds matured and maturing, together with the interest thereon, outstanding against Wallowa Valley Improvement district No. 1, a municipal corporation incorporated as an irrigation district under the Laws of 1895, acts amendatory thereof and supplemental thereto. Said improvement district No. 1 for the purpose of procuring funds for acquiring necessary property rights, reserving sites, water rights, construction work, and for otherwise carrying out the provisions of the law, duly issued $150,000 par value of its negotiable bonds bearing interest at the rate of 6 per cent per annum, payable semi-annually. Thereafter in May, 1921, said improvement district No. 1 duly sold its bonds to the amount of $125,000 par value; said bonds being dated May 1, 1921; principal and interest payable at the office of the county treasurer of Wallowa county, Oregon, or the fiscal agency of the state of Oregon in New York City at the option of the holders. Said bonds had interest coupons attached and matured serially from May 1, 1926, to May 1, 1941. Thereafter about May 1, 1922, pursuant to said authority, said improvement district issued and sold similar bonds in the amount of $20,000 par value, dated January 1, 1922, and which bonds last mentioned matured serially from January 1, 1927, to January 1, 1942, payable as the bonds hereinabove first mentioned. All of said bonds were negotiable in form and constituted a general obligation against said improvement district No. 1. Plaintiffs own $12,000 in bonds maturing on and before January 1, 1930, and $5,500 maturing on May 1, 1930. In addition to the principal of the bonds *Page 563 
maturing, said improvement district No. 1 is also delinquent in a large amount of interest. There are other bonds outstanding and maturing which taken with the bonds owned by plaintiffs and the accumulated interest aggregate the sum of $26,140 in bonds and interest which either was due at the time the petition herein was filed and presented or will become due on the first day of May, 1930. At the date of the filing of the petition herein, there were not sufficient funds to meet the instalments of the principal and interest on said bonds now in default, accruing and maturing May 1, 1930. It is set out in the alternative writ as follows:
"That at the session of the board of directors of said Wallowa Valley Improvement district No. 1 beginning on the first Tuesday in September, 1929, the said board adopted a resolution wherein and whereby said board purported to make a computation of the whole amount of money necessary to be raised by said district for the ensuing year for any and all purposes, for the payment of operating expenses in the sum of $4,246.86, and for other expenses in the sum of $12,661.29, and refused and did not include in said computation the amount of the principal and interest of the bonds of the district which are now in default, as aforesaid, and the bonds which will mature during the year 1930, as aforesaid, and the interest on the outstanding bonds which will accrue July 1, 1930.
"That on the 13th day of November, 1929, the said bondholders' committee of Wallowa Valley Improvement district No. 1, being the relators herein, made a demand in writing upon the directors of said district, at Joseph, Oregon, to forthwith make the 1930 levy for the payment of interest and bond maturities, operation and maintenance, in proper form and according to law, and also to cover delinquencies; and the said board of directors neglected to make such assessment. *Page 564 
"That thereafter, on November 16, 1929, the said bondholders' committee again demanded that a proper levy be made to care for all delinquencies, and that an assessment be made on every acre of land within the district to pay the amount due on said bonds; and that the board of directors again neglected and refused, and has ever since neglected and refused, to make the assessment required to pay the amounts due on said bonds, principal and interest, as aforesaid."
It is further declared in said writ that thereafter on the 5th day of February, 1930, another demand was made of the county court to make the necessary computation and levy to meet the bonds and accumulated interest past due, and the bonds and interest to become due on May 1, 1930. Defendants filed an answer admitting the material allegations and pleading four separate defenses, to wit: First, that by reason of the fact that the assessment roll has been completed, the levy made, and the assessment roll delivered to the sheriff, the same has been closed; that said assessment roll has become the tax roll for Wallowa county; that the assessor of Wallowa county has no assessment roll in his possession or under his control on which a new levy or assessment by the board of directors of said district or the county court of Wallowa county, Oregon, could be extended for the year 1929. Second, it is alleged in said answer that the board of directors in said district arranged a meeting with plaintiffs herein, representing themselves to be a committee of the bondholders of said district, with representatives of the state engineer's office of the state of Oregon, at which meeting consideration of the condition of said defendant Wallowa Valley Improvement district No. 1 was discussed and it was agreed between the plaintiffs herein claiming to represent the bondholders *Page 565 
of said district and the officers of said Wallowa Valley Improvement district that the said levy and assessment made by the board of directors of said district should be and remain the levy of said district for the year 1929, and the amount thereof collected should be used to pay the operating expenses and applied upon the interest of the bonded indebtedness of said district and payment of matured bonds as far as the same would pay upon the matured and maturing bonds; that pursuant to said meeting the board of directors of said improvement district certified said assessment and levy of Wallowa county, Oregon, in the manner provided by law. It is also alleged that plaintiffs did not thereafter object to the assessment and levy as made by said district; that the plaintiffs did not appear before the county court thereafter when said levy was before said court and no request was made thereafter for any change in the levy so made. It is claimed for those alleged reasons the plaintiffs are guilty of laches. Third, it is alleged in said answer that the board of directors of said irrigation district in September, 1929, adopted a resolution levying an assessment on the land in said improvement district No. 1 so as to provide for the necessary fund to pay the operating expenses of said district, the delinquent interest, accruing interest, matured bonds and maturing bonds; that said levy was in excess of the amount landowners in said improvement district were able to pay, and said landowners induced said directors to reduce the amount; that at the time the levy was made as reduced, the meeting mentioned above by the directors of the said improvement district No. 1 and the plaintiffs was held, and plaintiffs did not object thereto but acquiesced in said proposal and agreed to the arrangement *Page 566 
made at said meeting, and by reason of said agreement the plaintiffs are estopped from bringing this action, or from obtaining the relief sought in their petition. As the fourth defense defendants set out the amount of delinquent taxes in said district and amount due on land sold and to be sold during 1930, allege said land sales will produce sufficient funds to meet the demands of plaintiffs and other bondholders and for that reason said writ should not issue. The contention of defendants in this behalf is that the levy, if made, would be oppressive on said improvement district and would enable plaintiffs to purchase outstanding bonds at a large discount to the injury of said improvement district and enrichment of plaintiffs. Plaintiffs demurred to the affirmative matter in the answer. The case was presented here upon the sufficiency of the facts alleged in the answer to constitute a defense or reason why the alternative writ should not be made peremptory.
This case is controlled by the cases of Kollock v.Barnard, 116 Or. 694 (242 P. 847); Noble v. Yancey, 116 Or. 356
(241 P. 335, 42 A.L.R. 1178). It is true that the right to a writ of mandamus is not an absolute right. It is equally true that where petitioner shows that he has an absolute right to relief and no other adequate, complete or speedy remedy has been supplied petitioner is entitled to the remedy of mandamus unless some very special conditions or reasons exist why the writ should not issue. The credit of the state, as well as of said improvement district, would be severely tested if the defense alleged in the answer of defendants would prevent the law from enforcing the solemn obligation of said defendant district. *Page 567 
The only reasons presented by defendants to authorize this court to deny the writ are mere inconveniences. The bonds were purchased in good faith and constitute an absolute obligation. They are negotiable and are now in the hands of innocent purchasers. It would be extremely arbitrary on the part of the court to deny to petitioners the relief they are justly entitled to under the law. It was said, among other things, in the argument that the levy had already been made, extended on the assessment roll and that roll delivered to the sheriff. But when the application was made for the alternative writ the assessment roll had not been delivered to the sheriff. That is no reason why the writ itself should not be made peremptory.
"Nor will the writ be granted where, if issued, it would be unavailing or where there is no necessity for the relief sought, although it has been held that officers charged with the duty of spreading and levying a tax cannot defeat proceedings in mandamus to compel him to do so by delivery of the tax roll to the treasurer after service of an order to show cause why he should not be ordered to include the tax": (38 C.J. 774, § 416, note 28).
"The discretion which the court may exercise is not an arbitrary discretion, but a judicial or legal one to be exercised on equitable principles, and in accordance with well settled rules of law, and where under these rules a clear right to the issuance of the writ is shown, it is an abuse of discretion for the court to deny the application for the writ * * *": (38 C.J. 549, § 18).
Again:
"The interest of the general public will be considered in determining whether or not the writ should issue, and the writ may be refused where such interest would be injuriously affected": (38 C.J. 550, § 19).
In the instant case the public would be injuriously affected if the writ were denied. To deny the writ *Page 568 
would ruin the credit of the defendant improvement district and injure to some degree, if not a large degree, the credit of the state. None of the defenses are sufficient to defeat issuing the writ.
The demurrer to the answer is sustained and a judgment will be entered making the alternative writ peremptory.