Argued on demurrer to alternative writ March 22; writ allowed
April 15, 1930

STATE ex rel. SONDHEIM *v.* McCLAIN et al.

(286 P. 590)

*Martin L. Pipes* and *John M. Pipes,* both of Port-
land (L. L. Langley and George A. Pipes, both of Port-
land, on the brief), for plaintiffs.

*Max Wilson* of Joseph and *J. A. Burleigh* of Enter-
prise for defendants.

564

566

PER CURIAM. ■ This case is controlled by the cases of *Kollock v. Barnard,* 116 Or. 694 (242 P. 847); *Noble v. Yancey,* 116 Or. 356 (241 P. 335, 42 A. L. R. 1178). It is true that the right to a writ of mandamus is not an absolute right. It is equally true that where petitioner shows that he has an absolute right to relief and no other adequate, complete or speedy remedy has been supplied petitioner is entitled to the remedy of mandamus unless some very special conditions or reasons exist why the writ should not issue. The credit of the state, as well as of said improvement district, would be severely tested if the defense alleged in the answer of defendants would prevent the law from enforcing the solemn obligation of said defendant district.

■■ The only reasons presented by defendants to authorize this court to deny the writ are mere inconveniences. The bonds were purchased in good faith and constitute an absolute obligation. They are negotiable and are now in the hands of innocent purchasers. It would be extremely arbitrary on the part of the court to deny to petitioners the relief they are justly entitled to under the law. It was said, among other things, in the argument that the levy had already been made, extended on the assessment roll and that roll delivered to the sheriff. But when the application was made for the alternative writ the assessment roll had not been delivered to the sheriff. That is no reason why the writ itself should not be made peremptory.

"Nor will the writ be granted where, if issued, it would be unavailing or where there is no necessity for the relief sought, although it has been held that officers charged with the duty of spreading and levying a tax cannot defeat proceedings in mandamus to compel him to do so by delivery of the tax roll to the treasurer after service of an order to show cause why he should not be ordered to include the tax": (38 C. J. 774, § 416, note 28).

"The discretion which the court may exercise is not an arbitrary discretion, but a judicial or legal one to be exercised on equitable principles, and in accordance with well settled rules of law, and where under these rules a clear right to the issuance of the writ is shown, it is an abuse of discretion for the court to deny the application for the writ * * *": (38 C. J. 549, § 18).

■ Again:

"The interest of the general public will be considered in determining whether or not the writ should issue, and the writ may be refused where such interest would be injuriously affected": (38 C. J. 550, § 19).

In the instant case the public would be injuriously affected if the writ were denied. To deny the writ

would ruin the credit of the defendant improvement district and injure to some degree, if not a large degree, the credit of the state. None of the defenses are sufficient to defeat issuing the writ.

The demurrer to the answer is sustained and a judgment will be entered making the alternative writ peremptory.