Argued and submitted on defendants' motion to amend peremptory writ of mandamus January 13; motion denied April 14, 1931

STATE EX REL. SONDHEIM ET AL. *v.* McCLAIN ET AL.

(298 P. 211)

*John M. Pipes,* of Portland (Martin L. Pipes and Lotus L. Langley, both of Portland, on the brief), for plaintiffs.

*Max Wilson,* of Joseph, and *J. A. Burleigh,* of Enterprise, for defendants.

BROWN, J. This opinion arises out of a motion by the board of directors and the secretary of Wallowa Valley Improvement District No. 1, a municipal corporation, for an order amending the peremptory writ of mandamus issued out of this court on April 15, 1930, in *State ex rel. Sondheim v. McClain et al.*, 132 Or. 561 (286 P. 590).

Among other things, the writ commands:

"That immediately upon receipt of this peremptory writ of mandamus, you, the above named directors of Wallowa Valley Improvement District No. 1, a municipal corporation, do proceed to make, equalize and apportion an assessment and levy against all the lands in the district, sufficient to pay the whole amount of money necessary to be raised by said district for the year 1930 for any and all purposes whatsoever in carrying out the provisions of the irrigation district law, including estimated delinquencies on assessments, and especially to include in such assessment and levy the sum of $16,000 to retire the said bonds now in default, and the sum of $6,000 to retire the bonds that will mature during 1930, and the sum of $4,140 for interest that will accrue on the outstanding bonds of the district during the year 1930, or the sum of $26,140, and that you proceed to certify one of the copies of such assessment, levy and apportionment, including said amounts for principal and interest, to the county assessor of Wallowa county, for entry on the assessment rolls of said county, as provided by law."

The motion to amend the writ says, among other things:

"That the said direction hereinabove cited and set forth is a valid and legal order and requirement upon the said directors so far as the same requires the making, equalization and apportionment of a levy and assessment of a sum sufficient to pay the whole sum of money necessary to be raised by said district for the

year 1930 for any and all purposes, and especially the specific sums of money mentioned therein; but that said requirement in said writ to levy said assessment against all the lands within said district is a command upon the said directors to levy and assess taxes against lands which, under existing laws pertaining to the assessment of lands within irrigation districts, are not subject to said levy and assessments, and such portion of said writ is invalid and impossible of performance by said directors without violation and acting contrary to the express provisions of the laws governing the levy and assessment of taxes as applied to irrigation districts; that said writ should be amended so as to require such levy and assessment to be levied against all 'assessable' lands within said district for the uses and purposes therein set forth, and that said amendment should be made by inserting in the appropriate place in said writ the word 'assessable,' thus making it possible for the said directors to comply with the said writ without violating the laws pertaining to said levy and assessments and making the said writ valid and lawful.''

The case of *State v. McClain et al.,* supra, was held to be controlled by the cases of *Noble v. Yancey,* 116 Or. 356 (241 P. 335, 42 A. L. R. 1178), and *Kollock v. Barnard,* 116 Or. 694 (242 P. 847). Among other things, the court found that Wallowa Valley Improvement District No. 1, for the purpose of obtaining funds for acquiring necessary property rights, reserving sites, water rights, construction work, and for otherwise carrying out the provisions of the law, regularly issued $150,000, par value, of its negotiable bonds; that, in May, 1921, the district sold its bonds bearing date May 1, 1921, to the amount of $125,000, par value, and in May, 1922, issued and sold similar bonds in the amount of $20,000, par value, bearing date January 1, 1922. These bonds were negotiable in form, and constituted a general obligation against the district. The

court held that none of the defenses alleged by defendants were sufficient to defeat the issuance of the writ commanding the assessment of the lands of the district; that "the only reasons presented by defendants to authorize this court to deny the writ are mere inconveniences. The bonds were purchased in good faith and constitute an absolute obligation. They are negotiable, and are now in the hands of innocent purchasers."

That the command of the writ is in full accord with the doctrine announced in the case of *Noble v. Yancey,* supra, is evidenced by the following excerpt therefrom:

"The law relating to the organization and operation of irrigation districts, including the issuance and sale of bonds in this state, is contained in chapter 14, Oregon Laws, in section 7305 et seq.: Section 7326, Oregon Laws, is as follows:

" 'Said bonds and the interest, * * * and all obligations for the payment of money authorized and incurred under this act, shall be paid by the revenue derived from the annual assessments upon the land in the district, and all the lands in the district shall be and remain liable to be assessed for such payments as herein provided, and under and subject to the provisions of this act.

" 'In case the amount assessed against any tract of land shall not be paid, the next assessment against the land in the district shall be so increased as to take care of such default. In addition to the provision for the payment of said bonds and interest by taxation and other provisions of this act, all the property in the district, including irrigation and other works, shall be liable for the indebtedness of the district.' "

Continuing the court quotes from section 7328, Oregon Laws, as follows:

"The board of directors shall, on or before the first Tuesday in September of each year, make a computa-

tion of the whole amount of money necessary to be raised by said district for the ensuing year, for any and all purposes whatsoever in carrying out the provisions of this act, including estimated delinquencies on assessments. Said amount of money, when so determined by said board, shall be and constitute an assessment upon all of the land included in said district, and shall be apportioned by said board to the lands owned or held by each person, firm, or corporation, so that each acre of irrigable land in the district shall be assessed and required to pay the same amount as every other acre of irrigable land therein except as hereinafter otherwise provided.

"The board of directors shall determine the number or irrigable acres owned by each landowner in the district and the proportionate assessments as herein provided for, as nearly as may be, from available information."

■ An assessment against irrigable land is properly an assessment against lands "that can be irrigated; susceptible of, or suitable for, irrigation." Webster's New International Dictionary.

In 33 C. J., 816, note 69 (a), we find the following comprehensive definition of the term "irrigable lands," taken from the case of *Babcock v. Canadian Pac. R. Co.*, 9 Alta L. 270, 278 (27 Dom. L. R. 432, 436, 33 West L. R. 941):

" 'Irrigable lands' means lands which by reason of their level, relative to the irrigation works, can have water carried over them therefrom by gravity and which, having regard to the character of the soil and of the climate, will be rendered more productive by means of irrigation properly applied in the growing of crops adapted to the locality."

It will be useful here to note the following pertinent excerpt from an instructive discourse upon assessments

and taxation of land in irrigation districts appearing in 40 Cyc., 824, where the editor says:

"All lands within an irrigation district are subject to assessment according to the benefits received to pay the bonded indebtedness of the district, and it is the duty of the directors of the district to make an annual levy and assessment of taxes to meet the current interest on the bonds and the principal of any bonds which mature in that year * * *. The tax is to be assessed on all the real property of the district not exempt by law, *and the directors are empowered to determine the benefits received by particular property.*"

This court has no authority to change, alter, or add to the peremptory writ heretofore issued. The record shows that the writ was allowed on April 15, 1930, and the motion was not filed until December 30, long after the expiration of the time for filing a motion for rehearing. If the writ was contrary to law, as contended by defendants, the remedy was in a petition for a rehearing. However, as we understand the law and the writ, we do not believe the court committed error. The cause in this court was heard on plaintiff's demurrer to the defendants' answer to the alternative writ; and the court sustained the demurrer and adjudged that all of the land within the district should be assessed.

The following definition by Webster's International Dictionary of the word "assess," as here used, is applicable:

"To value; to make a valuation or official estimate of property for the purpose of taxation."

The court had jurisdiction of the parties. It had jurisdiction of the subject-matter. It had jurisdiction so as to determine and adjudge the matter in controversy; and the judgment entered is in full force and effect.

■ While the following is not necessary to a determination of the merits of this motion, the writer is hopeful that it may be helpful in the administration of the affairs of this irrigation district. This district was organized and its bonds sold under legislation that existed prior to 1923. By the motion, the district claims an exemption of 880 acres by reason of certain foreclosure proceedings arising out of the issuance of certificates of delinquency under the legislative act of 1923 (Gen. L. of Ore. 1923, chap. 128), which provides for the issuance of certificates of delinquency for taxes on property within irrigation or drainage districts, and for foreclosure of the same. The district purchased the certificates of delinquency involved. While under this act it was required to pay the county tax, it was not compelled to pay the district tax, and this tax is the source of revenue for payment of the bonds. For the reason that the purchase and the foreclosure of the certificates of delinquency under the law of 1923 would impair the contract of the irrigation company with the bondholders, it cannot apply to bonds existing at the time of its enactment. It follows that the foreclosure proceedings have not destroyed the lien of the bondholders upon the 880 acres referred to: *Noble v. Yancey,* supra; *State ex rel. Clancy v. Columbia Irr. Dist.,* 121 Wash. 79 (208 P. 27).

It is manifest to our minds that the burden of taxation imposed upon the owners of irrigable lands within this district is heavy, very heavy. Nevertheless, to permit any *irrigable lands* to escape their lawful burden of taxation would but add to the load borne by the taxpayers who meet their assessments.

For the reasons assigned, we deny the motion to amend the peremptory writ of mandamus issued as hereinabove set forth.

Neither party will recover costs.